GARRISON, Judge.
This is an appeal from a judgment of the district court dated April 26, 1982 granting Dairyland Insurance Company’s exception of res judicata and dismissing plaintiff's suit. From that judgment which we affirm, plaintiff appeals.
Howard Douglas and Remig E. Later-rade were apparently involved in an automobile accident. Plaintiff Douglas filed a petition asserting a cause of action against Defendant Laterrade. Believing the defendant to be uninsured, plaintiff also sued his Uninsured Motorist carrier, Dairyland Insurance Company.
Plaintiff later filed an amended petition alleging that Laterrade was insured by *1243 Government Employees Insurance Company (GEICO) and adding GEICO as a defendant. Plaintiff additionally amended his suit against Dairyland from one of uninsured motorist to underinsured motorist.
On November 12, 1980, Howard Douglas signed a “Receipt and Release with Indemnity” settling his case for the amount of $4500.00. The document provides as follows:
“For and in consideration of payment to me by and on behalf of the parties released of the sum of FOUR THOUSAND FIVE HUNDRED AND AND 00/100 ($4,500.00) dollars, receipt of which is hereby acknowledged, I hereby release and forever discharge Remig E. Later-ade, Jr. and all those for whose acts and omissions any of said parties might be responsible, all persons who might be responsible for the acts and omissions of any of said parties, and their respective insurers, including Government Employees Insurance Company of and from any and all claims, demands, actions and causes of action for damages, compensation, medical payments, court costs, attorney’s fees, penalties, interest, expenses and loss of any and every kind whatever, whether or not of the kind enumerated, directly or indirectly sustained or suffered by me on account of, or in any way growing out of, any and all known and unknown personal injuries and property damage which resulted or may result from a collision which occurred between vehicles driven by Howard Douglas and Remig E. Later-ade, Jr. at or near the intersection of North Claiborne Avenue and Tennessee St. in New Orleans, La. which event occurred on or about April 6, 1979 including, without limitation, all claims and demands made by me in the suit entitled “Howard Douglas v. Remig E. La-terade, Jr. and Government Employees Insurance Co.” Civil District Court for the Parish of Orleans, No. 80-4055, Division C.
I understand that the injuries and damages sustained by me may be permanent and progressive and that recovery therefrom may be uncertain and indefinite; and I understand and agree that in making this settlement and in giving this receipt and final and complete discharge and release, I am relying wholly upon my own judgment, belief and knowledge as to the nature, extent and duration of said injuries and damages, and upon the advice of my physician and my attorney, and I acknowledge that I have not been influenced in any manner in making this settlement and giving this release by any representations or statements whatever made by the parties hereby released, or by anyone representing them or any of them.
In further consideration of said payment I agree to defend, protect, indemnify and hold harmless each of the parties released from any and every claim or demand, loss and expense of every kind, which may ever be asserted by me for my account or by anyone else arising out of my own injuries and damages as set forth above; and each of the parties released shall be entitled to plead this obligation and this release in defense of any such claim.
I hereby authorize my attorney of record to dismiss with prejudice at my cost any suit or claim which I may have brought or which may have been brought in my behalf, arising out of the matters described above.
I have read this entire document and understand every thing herein contained; and I am satisfied in every respect to accept said sum of money with full knowledge that in so doing I am giving up all of the rights and claims that I have of may have against all persons in consequence of said accident, injuries and damage.
I understand and agree that the payment to me of the sum described above is not an admission of liability or negligence, that this release shall in no way be construed as a determination of the negligence or freedom from negligence of any of the persons involved, and that this release may in no way be construed to *1244 relieve me from any liability which I may have to any person, including those released hereunder, as a result of my acts or omissions in connection with the subject accident.
If there be more than one party executing this release, the use of the singular person throughout this release in reference to the parties executing same shall be construed to mean and shall refer to each and all of said parties. If there by only one named party in whose favor this release is executed, the use of the plural person throughout this release in reference to the parties released shall be construed to mean and shall refer to said named party, provided that all of the rights and claims of the party or parties executing this release shall be discharged and released hereby as against all persons named or unnamed in the absence of a special reservation of rights.” (emphasis added).
On December 1, 1980, a joint motion to dismiss was filed. The motion was signed by both counsel as follows:
“Submitted and notice of judgment waived
s/Louis A. Gerdes, Jr. LOUIS A. GERDES, JR. Attorney for Plaintiff
s/W. Paul Andersson W. PAUL ANDERSSON Attorney for Defendants”
The joint motion to dismiss provided as follows:
“On joint motion of counsel for the parties in the above entitled and numbered case, and on suggesting to the court that all matters of controversy between the parties subject of this action, including the principal demand, all third party demands and any other incidental demands at issue, have been compromised and settled, and that said action should accordingly be dismissed with prejudice as to all demands principal or incidental, each party to bear his own costs.” (emphasis added).
That motion was made a judgment of the court on December 1, 1980, further providing:
IT IS ORDERED BY THIS COURT that the above entitled and numbered cause be and it hereby is dismissed with prejudice as to plaintiffs and as to all other demands principal and incidental, each party to bear his own costs.” (emphasis added).
On March 19, 1982, Dairyland filed an exception of res judicata alleging that plaintiffs petition had been dismissed on December 1, 1980 and seeking that plaintiffs suit against it be dismissed.
Plaintiff failed to reserve his rights to proceed against Dairyland, his own UM insurer. It is apparent to this court that both the “Receipt and Release” and the Joint Motion to Dismiss repeatedly stated that all parties, all claims, and all actions were being dismissed and settled. Accordingly, Dairyland’s exception seeking to be dismissed — or more precisely seeking confirmation that it had already been dismissed by the December 1, 1980 judgment — was properly granted. •
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.