GARRISON, Judge.
On March 2, 1982, plaintiff, A1 Anselmi, was injured while unloading a compressor from a small barge owned and operated by his employer, Mike Guidry, Inc. Plaintiff alleges that another vessel, owned by Loop, Inc. and operated by Walk-Haydel and Associates, drove by the barge upon which he was working and caused a large wave wash which allegedly threw plaintiff overboard. Plaintiff negotiated a settlement with his employer, Mike Guidry, Inc., for $110,000.00 for his claims in a federal court action based upon this accident and executed a release to this effect. Plaintiff then filed this lawsuit against Walk-Haydel and Associates, Loop, Inc., and Continental Insurance Company under the Jones Act and general maritime law alleging the unseaworthiness of the vessel which allegedly caused the wave wash. The defendant, Walk-Haydel and Associates, filed the peremptory exception of res judicata alleging that the release executed by plaintiff in favor of his employer also released any other third parties connected with the accident. The trial judge maintained this exception and dismissed plaintiffs claim against Walk-Haydel without prejudice. Plaintiff now appeals from this judgment.
On appeal, plaintiff argues that the release executed in favor of plaintiffs employer did not release other tortfeasors nor did it release any parties not specifically mentioned. The plaintiff also argues that this release did not contain a stipulation pour autrui[1] as to the defendant, Walk-Haydel, because this party was not identifiable at the time of the signing of the release.
The defendant argues that the plaintiffs release does contain a stipulation pour au-trui in favor of Walk-Haydel, and that the release has a force equal to the authority of things adjudged as between plaintiff and Walk-Haydel[2]. Additionally, the defendant claims that the trial judge correctly applied Louisiana law either directly or by *1124 application through federal maritime law in light of the fact that this release is a Louisiana contract.
We conclude that the trial judge’s ruling maintaining the defendant’s exception of res judicata was correct. The clear wording of the release stipulated that the agreement released not only the plaintiff’s employer but also “any third parties” and “any parties connected either directly or indirectly with the accident”. The intent of this release was obviously to release all parties including those who may make a third party claim against Guidry, such as Walk-Haydel.
This release contained a stipulation pour autrui in favor of Walk-Haydel, although not named specifically, and plaintiff cannot now revoke this contract. Plaintiff’s contention that the stipulation pour autrui cannot apply to Walk-Haydel because this party was not identifiable at the time of the signing of the release is without, merit. This argument was rejected in the case of Andrepont v. Acadia Drilling Co., 255 La. 347, 231 So.2d 347 (La.1969), in which the court held that third parties can be beneficiaries of the stipulation as long as they are determinable on the day on which the agreement is to have effect for their benefit. Walk-Haydel was clearly a determinable third party on the date that it sought to be declared a beneficiary of this release.
Therefore, for the reasons stated above, the trial judge’s decision maintaining the defendant’s exception of res judicata is affirmed.
AFFIRMED.

. LSA-C.C. 1890, applicable at the time this cause of action arose, states:
A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract can not be revoked.
The substance of this article has been reproduced in LSA-C.C. 1978, effective January 1, 1985.

. LSA-C.C. 3078 states:
Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.