474 So.2d 980 (1985)
Jeannette MIGLIORE
v.
Debora TRAINA, United States Fidelity and Guaranty Company, and Century Insurance Company.
No. 85-CA-145.
Court of Appeal of Louisiana, Fifth Circuit.
July 29, 1985.
*981 Henry L. Klein, New Orleans, for Jeannette Migliore, plaintiff-appellant.
Hulse, Nelson & Wanek, John A. Stewart, Jr., New Orleans, for Sentry Ins., A Mut. Co., defendant-appellee.
Before CHEHARDY, CURRAULT and DUFRESNE, JJ.
CHEHARDY, Judge.
Jeannette Migliore appeals from summary judgment dismissing her action against her uninsured/underinsured motorist insurance (UM) carrier, Sentry Insurance, A Mutual Company.
The only issue is whether plaintiff's release of the tort-feasor and the tort-feasor's insurer operated to release the UM carrier also.
Migliore, individually and on behalf of her minor child, Toni Migliore, had sued Debora Traina, United States Fidelity & Guaranty Company (USF & G) and Sentry Insurance, A Mutual Company, for injuries arising out of an automobile accident on October 25, 1982. Migliore settled with Dennis Traina (who presumably is the named insured of the policy under which Debora Traina was insured) and USF & G for Traina's liability policy limits of $5,000, signing two releases. Under one release she received $4,500 for her own damages; under the other she received $500 on behalf of her minor child.

*982 The releases each contained the following relevant wording:
"I/We * * * release and forever discharge the said Payer and all other persons, firms, and corporations, both known and unknown, of and from any and all claims, demands, damages, actions, causes of action, or suits at law or in equity, or whatsoever kind or nature, for or because of any matter or thing done, omitted or suffered to be done by anyone prior to and including the date hereof on account of all injuries both to person or property resulting, or to result, from an accident which occurred on or about the 25th day of October, 1982, at New Orleans, La.
"I/We * * * further understand that this release is made as a compromise to avoid expense and to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including future developments thereof, in any way growing out of or connected with said accident.
"I/We admit * * * that in determining said sum there has been taken into consideration the fact that serious or unexpected consequences might result from the present injuries, known or unknown, from said accident, and it is therefore specifically agreed that this release shall be a complete bar to all claims or suits for injuries or damages of whatsoever nature resulting or to result from said accident."
On May 2, 1984 Sentry Insurance filed an exception of no cause of action and a motion for summary judgment, arguing that because the releases contained no reservation of rights against Sentry or other parties, they operated to discharge Sentry also because the UM insurer is a solidary obligor with the tort-feasor and her insurer. Under former LSA-C.C. art. 2203 (now repealed), the release of one solidary obligor without an express reservation of rights against other solidary co-obligors releases all. It is now settled that a UM carrier is liable in solido with the tort-feasor. Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982).
On May 10, 1984 plaintiff filed a motion to dismiss the action as to USF & G only, stating that her claim had been compromised only as to her cause of action against USF & G. The motion to dismiss further stated that Migliore specifically reserved all rights of action against Allstate Insurance Company and Sentry Insurance. The order following the motion stated that "plaintiff's claim(s) shall remain in effect as to Allstate Insurance Company and Sentry Insurance."
On October 31, 1984 the district court granted Sentry's motion for summary judgment and exception of no cause of action, without assigning reasons.
On appeal, Migliore makes the following arguments:
First, although the releases did not contain a reservation of her rights against Sentry, the motion to dismiss USF & G specifically indicated her intention to reserve her rights against all remaining defendants. Further, the order of dismissal included within her motion and signed by the trial court contained language reserving her rights against Sentry.
Secondly, she cites the recent Supreme Court decision in Carona v. State Farm Ins. Co., 458 So.2d 1275 (La.1984), in which the court held that when an automobile accident victim settles with his tort-feasor, his claim against his uninsured motorist insurer is not discharged merely because he does not expressly reserve his right against the latter:
"The rule of Civil Code article 2203 (1870), according to which an obligee who remits a debt in favor of one solidary obligor without expressly reserving his right against others is deemed to have forfeited the entire obligation, does not apply to a personal injury claimant's right to recover from his UM insurer. Article 2203, which is an exception to the well settled general rule that no one is presumed to have renounced his rights against others unless it clearly appears that he intended to do so, has been superseded in part by the UM statute which *983 preserves the insured's ability to exercise his rights of recovery after a settlement with one of his codebtors in solido. La. R.S. 22:1406(D)(4).
* * * * * *
"The object of the UM statute is to promote full recovery for damages by automobile accident victims. * * *
"The technical rule of article 2203 serves as a barrier to full recovery by innocent accident victims, and thereby conflicts with the basic object of the UM legislation. * * *
* * * * * *
"Since full recovery is the goal of the legislation and because the tortfeasor and the UM carrier are codebtors in solido, we infer that a victim merely by his release of the tortfeasor does not forfeit any right against his UM carrier."
Carona v. State Farm Ins. Co., supra, at 1277, 1278, 1279.
The court also noted in Carona that C.C. art. 2203 has been abolished by the legislature and replaced by new Article 1803, effective January 1, 1985, which rejects the express reservation requirement of Article 2203. See Acts 1984, No. 331, § 1, art. 1803, Comment (e). However, new Article 1803 does not apply to cases which arose before its effective date.
Sentry counters Migliore's argument about the effect of the Carona case by contending that the facts here are different from those in Carona. Sentry asserts that the releases in this case not only release the tort-feasor and her liability carrier, but also release anyone else who might be liable for damagesthat they are an express release of all claims against others, not just a release of claims against the tort-feasor and her insurer without a reservation of rights.
Accordingly, contends Sentry, the releases manifest an objective intention on the part of the plaintiff to discharge all possible debtors. It cites the recent Fourth Circuit case of Douglas v. Laterrade, 451 So.2d 1242 (La.App. 4 Cir.1984) as being precisely on point. In that case, the injured motorist failed to reserve his rights to proceed against his own underinsured motorist carrier in both a receipt and release and a joint motion to dismiss which repeatedly stated that all parties, all claims and all actions were being dismissed and settled in the motorist's personal injury action. Based on this, the court ruled that the UM carrier's exception of res judicata was properly upheld.
The general and long-settled rule is that it will not be presumed that plaintiffs intended to waive their rights against other parties possibly liable unless it clearly appears that they intended to do so. Honeycutt v. Town of Boyce, 341 So.2d 327 (La. 1976), and cases cited therein.
"Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
The renunciation, which is made therein to all rights, claims and pretensions, extends only to what relates to the differences on which the transaction arises."
LSA-C.C. art. 3073.
Thus, the question before us is not whether Migliore's failure to reserve specifically her rights against the UM carrier released Sentry, but rather whether the language contained in the release clearly evinced an intention to release Sentry.
We conclude it did. The language, quoted above, is so broad it clearly covers any liability of any persons whatsoever arising from the accident. Plaintiff neither struck out the expansive language nor made any attempt to limit it to Traina and USF & G. See Ritchey v. Azar, 383 So.2d 360 (La.1980). Further, despite her claim she did not intend to release the UM carrier, she failed to supply any factual evidence *984 to that effect in response to Sentry's motion for summary judgment. Simply asserting lack of intention to release all defendants, when the release plainly states all parties are released, is not sufficient to raise a genuine issue of material fact on such a point. LSA-C.C.P. art. 966.
Nor could her attorney's attempt to reserve plaintiff's rights in the motion to dismiss supersede the effect of the release. In Cargo v. Green, 463 So.2d 685 (La.App. 4 Cir.1985), a tort suit arising from a motorcycle-automobile collision, the motorcyclist's mother sued both the driver of the automobile and the manufacturer of the motorcycle. She released the motorist and the driver's insurer without expressly reserving her rights against the motorcycle manufacturer. The Fourth Circuit concluded that C.C. art. 2203 was applicable and that a party's intent, although relevant and helpful in the interpretation of a release, may not substitute for the obligatory express reservation. The release failed to disclose any ambiguity that would negate the intent to release. Accordingly, reliance on a motion to dismiss that dismissed some parties but reserved rights against others was misguided. "Absent ambiguity, parol evidence which would vary the terms of the release is clearly inadmissible." Cargo v. Green, supra, at 689.
Similarly, the release in this case has no ambiguity. Further, plaintiff has not attempted to rescind the release itself (which could be done only for error in the person or on the matter in dispute, or for fraud or violence, see LSA-C.C. art. 3079.) Without evidence to contradict the unequivocal language contained in the release or at least to establish a genuine issue of material fact, we cannot find otherwise than that plaintiff intended to release all parties, regardless of the wording of her subsequent motion to dismiss.
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.