# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**07-910**

JEFFERY J. BAUDOIN

VERSUS

CARLOS RAMIREZ MONTOYA, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20044877
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Ian A. Macdonald**
**Perret  Doise**
**Post Office Drawer 3408**
**Lafayette, LA   70502-3408**
**(337) 262-9000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Lone Star Temporary Services, LC**

**R. Scott Iles**
**Post Office Box 3385**
**Lafayette, LA   70502**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Jeffery J. Baudoin**

**Joseph H. Garbarino**
**Jeff Raymond Rytlewski**
**Skylar J. Comeaux**
**345 Doucet Road, Suite 104-A**
**Lafayette, LA   70503**
**(337) 983-0170**
**COUNSEL FOR DEFENDANT APPELLEE:**
     **Midwest Air Technologies**

AMY, Judge.

## Factual and Procedural Background

The record indicates that on August 10, 2004, the plaintiff, Jeffery J. Baudoin (Baudoin) was injured when a vehicle operated by the defendant, Carlos Ramirez Montoya (Montoya), collided with his vehicle. Baudoin instituted this suit against Montoya and his automobile liability insurer, United Automobile Insurance Company (United). By amended petition, Baudoin added Midwest Air Technologies (Midwest) as a defendant, alleging that Montoya was in the course and scope of his employment with Midwest when the accident occurred. During discovery, Midwest averred that it was not Montoya's employer in that he was "on loan" from Lone Star Temporary Services, L.C. (Lone Star).

On November 18, 2005, Baudoin signed a receipt and release document whereby he settled his claims with Montoya and United. Baudoin subsequently filed a motion to dismiss the suit and all claims against Montoya and United with prejudice. The trial court signed the order of dismissal on December 7, 2005. In a second supplemental and amended petition, Baudoin added Lone Star as a defendant. In response, Lone Star filed a motion for summary judgment, alleging that "Montoya was not employed by Lone Star . . . on August 10, 2004 or any other time and was not on a mission for Lone Star . . . at the time of the motor vehicle accident which serves as the basis for . . . Baudoin's claims." The trial court denied the motion.[1] Lone Star subsequently filed a motion to dismiss, in which it moved "pursuant to La.Code Civ.P. arts. 927(2)[2] and 966, to dismiss plaintiff's claims in this matter on the grounds

---

[1]  We note that the minutes for September 25, 2006, state that "[a]fter evidence was presented, based on counsel agreeing that there is an issue of fact, the Court denied [Lone Star's] Motion for Summary Judgment without prejudice."

[2]  Pursuant to La.Code Civ.P. art. 927(2), res judicata may be raised through a peremptory exception.

that Jeffery J. Baudoin's claims against Carlos Ramirez Montoya have been settled."

Midwest filed a motion to dismiss on the same grounds. Following a hearing on

February 21, 2007, the trial court ordered that Baudoin's claims against Lone Star and

Midwest be dismissed with prejudice. Baudoin now appeals. For the following

reasons, we affirm.

**Discussion**

*Release*

According to Baudoin, he "compromised his claim against the individual who

caused the accident, as well as his personal insurer, and maintained a claim against

the defendant's employer who was a named defendant within the four corners of the

legal proceedings at the time of the dismissal." Baudoin points out that Lone Star and

Midwest neither participated in the settlement negotiations nor paid anything towards

the settlement. Baudoin cites *Sampay v. Morton Salt Co.*, 395 So.2d 326 (La.1981)

for the proposition that he can "release an employee from personal responsibility and

maintain an action against an employer."

The "Receipt and Release" document, which was entered into evidence, stated:

> Appearer further declares that for and in consideration of the
> receipt of said payment of **NINETEEN THOUSAND FIVE
> HUNDRED AND NO/100 ($19,500.00) DOLLARS,** he does hereby
> release, acquit and forever discharge CARLOS RAMIREZ MONTOYA
> AND UNITED AUTOMOBILE INSURANCE COMPANY, its
> employees, officers, directors, stockholders, agents and representatives
> and any and all other persons, firms, corporations (including, but not in
> any way limiting the same thereto, the officers, directors and
> stockholders of said corporations), partnerships and parties
> whomsoever, from any and all past, present and future claims, demands,
> compensation, medical expenses, costs, expenses, penalties, attorney's
> fees, damages and any and all causes and rights of action, whatsoever,
> which he may or might have and to which he may be entitled, known
> and unknown, anticipated and unanticipated, under the workers'
> compensation laws of the State of Louisiana, the tort laws, and any and

all other laws whatsoever, in any way resulting from and/or to result from the accident which occurred on or about August 10, 2004.

Appearer further declares that he knows and understands that the injuries he sustained may be permanent and progressive and recovery therefrom is uncertain and indefinite and there may be injuries or results of injuries not yet evident, recognized or known and in making this release, appearer relies upon his judgment, knowledge and belief as to the nature, extent and duration of said injuries and as to the questions of liability involved and have not been influenced by any representations regarding the same.  Appearer understands that his claims are doubtful and disputed and the above consideration is accepted in full compromise, accord and satisfaction thereof, and the payment of said consideration is not an admission of liability.

During the hearing, the trial court explained:

Dismissal and release are not the same.  And a number of cases have recognized that.  It doesn't really matter what you do in the dismissal.  What matters is what's in the transaction and compromise, the release document.  That's what counts.

And so, in this case, there's no mention of -- you know, of releasing him only in a certain capacity.  And, again, what I find unusual about this situation is that his employer would only be liable for -- based on the fact of their status as the employer.

And the release is very broad.  And it says it's releasing Mr. Montoya and its releasing employees and agents on all parties.  And there is no -- there's nothing in the release that says, only in his personal capacity, not as an employee, which I don't even know if you could do that.

And, furthermore, there -- when the actual dismissal is done, even though I don't think the dismissal is controlling, there's no reservation in the dismissal.  I know that the dismissal says only he's -- and his insurer, but at no point in the record does there seem to be any reservation.

And that's what I'm having some problem with, because the release is very broad and the employer -- I mean, if I were reading it as the employer, I would think I was released as well, too.

After further arguments from both parties, the trial court dismissed Baudoin's claims

against Lone Star and Midwest with prejudice.

At the outset, we note that Baudoin alleged that Midwest and/or Lone Star was liable for the actions of its (their) employee, Montoya, under the theory of respondeat superior. In *Sampay*, 395 So.2d at 329, the supreme court explained that, "[t]hat the employer's liability is vicarious is important only in relation to the ultimate allocation of the obligation between the employer and the obligee. From the viewpoint of the victim, the employer and the employee are solidary obligors." Overruling *Williams v. Marionneaux*, 124 So.2d 919 (La.1960), the supreme court held that the derivative nature of the employer's liability did not preclude recovery against it even though the employee had been released.

Since *Sampay*, the legislature has enacted La.Civ.Code art. 1803, which dispensed with the requirement that the plaintiff reserve his or her rights against a defendant who was solidarily liable with a released party. *See Weber v. Charity Hosp. of La.*, 475 So.2d 1047 (La.1985). Louisiana Civil Code Article 1803 provides in pertinent part: "Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligors in the amount of the portion of that obligor."

In *Migliore v. Traina*, 474 So.2d 980 (La.App. 5 Cir. 1985), the plaintiff, after settling with the tortfeasor and the tortfeasor's insurer, signed two releases. The plaintiff's UM carrier argued that the releases also discharged it because it was solidarily liable with the tortfeasor and her insurer. The fifth circuit, finding that the UM carrier was also released, explained:

> The language [of the release] is so broad it clearly covers any liability of any persons whatsoever arising from the accident. Plaintiff neither struck out the expansive language nor made any attempt to limit it to [the tortfeasor] and [her insurer]. See *Ritchey v. Azar*, 383 So.2d 360 (La.1980). Further, despite her claim she did not intend to release the UM carrier, she failed to supply any factual evidence to that effect in

4

response to [the UM carrier's] motion for summary judgment. Simply asserting lack of intention to release all defendants, when the release plainly states all parties are released, is not sufficient to raise a genuine issue of material fact on such a point. LSA-C.C.P. art. 966.

*Id.* at 983-84.

In the instant case, we find that the broad language of the receipt and release agreement "evinces nothing other than an intent to settle and dismiss all claims against anyone arising of the accident made the basis of the lawsuit." *Black v. Anderson*, 06-891, p. 8 (La.App. 5 Cir. 3/13/07), 956 So.2d 20, 24, *writ denied*, 07-794 (La. 6/1/07), 957 So.2d 180. Such intent is established from the following language:

> [Baudoin] does hereby release, acquit and forever discharge . . . *any and all other persons, firms, corporations . . . , partnerships and parties* whomsoever, *from any and all past, present and future claims*, demands, compensation, medical expenses, costs, expenses, penalties, attorney's fees, damages *and any and all causes and rights of action*, whatsoever, which he may or might have and to which he may be entitled, known and unknown, anticipated and unanticipated, under the workers' compensation laws of the State of Louisiana, the tort laws, and any and all other laws whatsoever, *in any way resulting from and/or to result from the accident which occurred on or about August 10, 2004.*

(Emphasis added). Baudoin did not attempt to limit the release language to Montoya and United. Nor did he present any evidence to prove his "lack of intention to release all defendants, when the release plainly states all parties are released[.]" *Migliore*, 474 So.2d at 984. *Cf. Mallet v. Credo Oil & Gas, Inc.*, 534 So.2d 126 (La.App. 3 Cir. 1988), *writ denied*, 536 So.2d 237 (La.1989) (wherein this court found that "the language used by plaintiff in the partial dismissal of [the defendant] clearly showed his intent not to release its insurers(s).")

5

In light of this evidence, we conclude that the trial court did not err in dismissing Baudoin's claims against Lone Star and Midwest with prejudice. Therefore, this assignment has no merit.

## DECREE

For the above reasons, the judgment of the trial court is affirmed. All costs of these proceedings are assessed against the plaintiff, Jeffery J. Baudoin.

**AFFIRMED.**