GASKINS, J.
[fin this suit arising from an automobile accident, the plaintiff, Dana Hudson, ap *629 peals a trial court ruling granting summary judgment in favor of Progressive Security Insurance Company (Progressive). The trial court found that a release form signed by the plaintiff included Progressive and dismissed the plaintiffs claim against the insurance company. For the following reasons, we affirm the trial court judgment.
FACTS
On October 14, 2005, the plaintiff was a passenger in a car owned by Joseph Als-paugh and driven by Lauren Newell. The vehicle was traveling east on LA 146 in Lincoln Parish. Carol Sue Coyle was traveling south on LA 563 in a car owned by Lodie C. Delony. Ms. Coyle ran a stop sign at the intersection of LA 563 and LA 146 and collided with the car in which the plaintiff was riding. Ms. Delony’s vehicle was insured by State Farm Mutual Automobile Insurance Company (State Farm). Ms. Coyle was insured by Progressive which had the insurance for the Coyle vehicles. On March 31, 2006, State Farm tendered the policy limits to the plaintiff and a release was signed by the plaintiff discharging Lodie C. Delony, Jimmy Delo-ny, Sue Coyle, and State Farm.
On October 16, 2006, the plaintiff filed suit, claiming that she suffered injuries in the accident. The plaintiff named only Progressive as a defendant, claiming the company provided uninsured/underinsured (UM) coverage for Ms. Coyle. On December 20, 2006, Progressive filed a motion for summary judgment. Progressive claimed that the plaintiff is not an insured under the Progressive policy and therefore not entitled to UM |.¿coverage. Progressive also claimed that the plaintiff signed a release on March 31, 2006, releasing parties involved in the accident including Carol Sue Coyle, Progressive’s insured. Progressive claims that the release applies to it, also. The release provided as follows, in pertinent part:
For the sole consideration of Two hundred and fifty thousand dollars and 00/XX Dollars the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges Lodie C. Delony, Jimmy De-lony, Sue Coyle, and State Farm Mutual Automobile Insurance Company their heirs, executors, administrators, agents, and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injures [sic], known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 14th day of October 2005 at or near Dubach, LA. This release expressly reserves all rights of the parties released to pursue their legal remedies, if any, against the undersigned, their heirs, executors, agents and assigns.
Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.
The plaintiff filed a first amended and supplemental petition, amending the specified defendants to include not only Progressive, but also Ms. Coyle, “as an *630 insured under the policy issued by Progressive Insurance Company and only to the extent of the coverage hereunder.” The plaintiff alleged that Progressive is a defendant as both the liability insurer and the uninsured/underinsured insurer of Carol Sue Coyle.
|SA hearing on the motion for summary judgment was held on August 30, 2007. Progressive argued that there was nothing in the record to show that it owed coverage under its policy. Progressive asserted that the release applied to it, arguing that the comprehensive release was effective as to any and all persons, firms, and corporations. According to Progressive, under La. C.C. art.2046, if a contract is clear and unambiguous, parol evidence cannot be used to determine the intent of the parties.
The plaintiff sought to obtain the deposition of a State Farm claims adjuster to show why there was no reservation of rights in the release. Progressive maintained that the deposition of the claims adjuster could not be considered.
On October 5, 2007, the trial court issued a ruling which granted the motion for summary judgment, dismissing the plaintiffs claims against Progressive. The court recognized that, in filing the motion for summary judgment, Progressive argued that the plaintiff was not an insured and that the release was effective as to the company. The trial court found that the plaintiff was not an insured under the UM policy, but noted that the amended petition made it clear that the plaintiff was also asserting a liability claim.
The trial court ruled that the release signed by the plaintiff applied to Progressive. The court held that the release was clear and unambiguous, therefore parol evidence was not admissible. The court stated that a compromise settlement releasing some parties, without reserving rights against solidary obligors, has the effect of discharging those parties’ insurer 14for liability for any claims arising out of the subject accident, citing Danzy v. United States Fidelity and Guarantee Company, 380 So.2d 1356 (La.1980). The trial court noted that the preclusive effect of compromise may be raised by summary judgment. The court held that the plaintiffs intent is not relevant under the facts of this case. The court observed that the plaintiff was represented by counsel and that a reservation of rights could have been included, but was not.
On October 15, 2007, the plaintiff filed a motion for new trial. According to the plaintiff, Progressive was not a party to the contract at issue. The plaintiff contended that Progressive is claiming to be a third party beneficiary of the settlement contract. The plaintiff argued that a stipulation pour autrui is never presumed and the benefit for a third party must be manifestly clear. The third party relationship must form the consideration or be a condition of the contract and the third party benefit may not be merely incidental to the contract.
The plaintiff urged that the Danzy case was supported by La. C.C. art. 2203, which has been repealed. The plaintiff claimed that the current article is La. C.C. art. 1803, which changed the law and now provides that the release of a solidary obligor does not release other solidary obligors, and it is not necessary for a plaintiff to reserve his or her rights against the other solidary obligors.
The plaintiff maintained that the trial court erred in granting the motion for summary judgment in favor of Progressive and urged the court to grant a new trial, and reverse the grant of summary judgment.
|sThe trial court denied the motion for new trial. The court found that the gener *631 al language of the release states that its express purpose was to preclude forever any further or additional claims arising out of the accident.
According to the trial court, stipulations on behalf of third persons are favored in the law and may be for the benefit of undetermined persons so long as the third party beneficiaries are determinate on the day on which the agreement is to have effect for them benefit. The court found that the plaintiff had not shown that the motion for summary judgment was clearly contrary to the law and evidence. The plaintiff appealed devolutively.
SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that govern a district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Costello v. Hardy, 2003-1146 (La.1/21/04), 864 So.2d 129. A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2); Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., 40,546 (La.App.2d Cir.1/25/06), 920 So.2d 355.
lfiThe burden of proof remains with the mover. However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., supra.
The party opposing summary judgment cannot rest on the mere allegations or denials in his pleadings, but must show that he has evidence which, if believed, could satisfy his evidentiary burden of proof at trial. If he has no such evidence, then there is no genuine issue of material fact, and the movant is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Eason v. Finch, 32,157 (La.App.2d Cir.8/18/99), 738 So.2d 1205, writ denied, 1999-2767 (La.12/10/99), 751 So.2d 861; Thielmier v. Louisiana Riverboat Gaming Partnership, 31,739 (La.App.2d Cir.3/31/99), 732 So.2d 620.
SETTLEMENT AND COMPROMISE
The settlement in this matter is a compromise. At the time this agreement was entered, the provisions governing transaction and compromise were set forth in La. C.C. arts. 3071 through 3083.[1] A compromise is an agreement between two or more persons, who, for |7preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. La. C.C. Art. 3071.[2] A compromise has the *632 legal efficacy of a judgment, possessing a force equal to the authority of things adjudged, and a compromise cannot be attacked on account of any error in law or any lesion. La. C.C. art. 3078.[3]
A compromise is a written contract. The compromise instrument is the law between the parties and must be interpreted according to the parties’ true intent. The compromise instrument is governed by the same general rules of construction applicable to contracts. Brown v. Drillers, Inc., 93-1019 (La.1/14/94), 630 So.2d 741.
La. C.C. art.2046 provides that when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. Brown v. Drillers, Inc., supra. A compromise agreement extends only to those matters that the parties expressly intended to settle and the scope of the transaction cannot be extended by implication. La. C.C. art. 3073;[4] Brown v. Drillers, Inc., supra.
In applying the rule of construction set forth in La. C.C. art. 3073, courts are guided by the general principle that the contract must be | ^construed as a whole and in light of attending events and circumstances. Thus, the intent which the words of the compromise instrument express in light of surrounding circumstances at the time of execution of the agreement is controlling. Brown v. Drillers, Inc., supra.
The meaning and intent of the parties to a written instrument, including a compromise, are ordinarily determined from the four corners of the instrument, and extrinsic (parol) evidence is inadmissible either to explain or to contradict the terms of the instrument. Louisiana courts have crafted a special exception to the extrinsic evidence rule for compromise agreements based on an in pari materia reading of the provision in La. C.C. art. 3073, that a compromise extends only to those differences the parties clearly comprehended, and the provision in La. C.C. art. 3079 that an error as to the subject matter in dispute is a ground to rescind a compromise. Brown v. Drillers, Inc., supra.[5]
 When a dispute arises as to the scope of a compromise agreement, extrinsic evidence can be considered to determine exactly what differences the parties intended to settle. A general release will not necessarily bar recovery for those aspects of a claim unintended by the parties to be covered by the release. Under that jurisprudential rule, the parties to a release instrument are permitted to raise a factual issue as to whether unequivocal language in the instrument was intended to be unequivocal. Brown v. Drillers, Inc., supra.
| (¡Louisiana courts have tempered that jurisprudential rule, recognizing that, absent some substantiating evidence of mistaken intent, no reason exists to look beyond the four corners of the instrument to ascertain intent. Utilizing a case-by-case factual analysis, Louisiana courts have lim *633 ited the rule’s application to cases in which substantiating evidence is presented establishing either (1) that the releasor was mistaken as to what he or she was signing, even though fraud was not present; or (2) that the releasor did not fully understand the nature of the rights being released or that the releasor did not intend to release certain aspects of his or her claim. Brown v. Drillers, Inc., supra; Dumas v. Angus Chemical Company, Inc., 31,969 (La.App.2d Cir.8/20/99), 742 So.2d 655, unit not considered, 1999-2750 (La.11/5/99), 751 So.2d 237. When the factual circumstances surrounding the execution of the release instrument do not fall within either of the above categories, Louisiana courts have applied the general rule of construction in La. C.C. art.2046 and have not hesitated to confine their analysis to the four corners of the instrument. When, as in that instance, a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and thus summary judgment is appropriate. Brown v. Drillers, Inc., supra. See also Smith v. Amedisys Inc., 298 F.3d 434 (5th Cir .2002).
Public policy favors compromise agreements and the finality of settlements. A compromise that releases all claims is not ambiguous simply because it is broad. Dumas v. Angus Chemical Company, Inc., supra.
[in In Baudoin v. Montoya, 2007-910 (La.App. 3d Cir.1/30/08), 974 So.2d 877, writ denied, 2008-0479 (La.5/2/08), 979 So.2d 1284, the third circuit observed that the 1985 revision to La. C.C. art. 1803 dispensed with the requirement that the plaintiff reserve his or her rights against a defendant who was solidarily liable with a released party. However, that court went on to decide that the expansive language found in the settlement agreement settled and dismissed all claims and that the plaintiff failed to present evidence to prove his lack of intent to dismiss all defendants. La. C.C. art. 1803 provides in pertinent part that remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligors in the amount of the portion of that obli-gor.[6]
DISCUSSION
In Baudoin v. Montoya, supra, the plaintiff was injured in an automobile accident and signed a broad release settling with the driver and his insurer. The plaintiff then sought to proceed against the tortfeasor’s employer and the employer’s insurer, claiming the tortfeasor was in the course and scope of his employment when the accident occurred. The employer and his insurer objected, asserting that the release of all claims arising from the accident barred any action against them. The *634 third circuit |n found that the broad language of the receipt and release evinced nothing other than an intent to settle and dismiss all claims against anyone arising out of the accident made the basis of the lawsuit. Accordingly, the third circuit affirmed the dismissal of the claims against the employer and its insurer.
The court in Baudoin cited Migliore v. Traina, 474 So.2d 980 (La.App. 5th Cir. 1985), in which the plaintiff filed suit against the tortfeasor and the tortfeasor’s insurer and then settled her claim with a release discharging “all other persons” on account of all injuries both to person or property resulting from the accident. The plaintiff then sought to recover from her own UM carrier. The court held that the broad release included the UM carrier. The court determined that the language was so broad that it clearly covered any liability of any person whatsoever arising from the accident. The court also found that, even though the plaintiff claimed that she did not intend to release her UM carrier, she failed to supply any factual evidence to that effect in response to the UM carrier’s motion for summary judgment. The court stated that the lack of intention to release all defendants, when the release plainly states all parties are released, is not sufficient to raise a genuine issue of material fact on such a point. Migliore v. Traina, supra. See also Black v. Anderson, 2006-891 (LaApp. 5th Cir.3/13/07), 956 So.2d 20, unit denied, 2007-0794 (La.6/1/07), 957 So.2d 180.
We find Baudoin and Migliore to be instructive in deciding the present case. In examining this record de novo, we find that the trial court 112did not err in granting the motion for summary judgment and in denying the motion for new trial, finding that the settlement language released all claims the plaintiff had against all persons arising out of this accident, including Progressive, the liability insurer of Ms. Coyle. The language of the release is broad, and clearly encompasses all persons, firms or corporations liable and releases them from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever on account of all injuries to person or property resulting or developing from this accident. The release also states that the plaintiff read and fully understood and voluntarily accepted the release for the purpose of making a full and final compromise adjustment and settlement of any and all claims on account of injuries and damages in the accident to preclude forever any further or additional claims arising out of the accident. The broadness of the language does not make the release ambiguous. The broad language of the release agreement evinces nothing other than an intent to settle and dismiss all claims against anyone arising out of the accident which is the basis of this suit.
In response to Progressive’s motion for summary judgment, the plaintiff was required to come forth with substantial evidence of mistaken intent. In opposition to the motion for summary judgment, the plaintiff filed only an affidavit executed by one of her attorneys stating that the plaintiff did not intend to release Progressive, but only intended to release Ms. Coyle and State Farm. There is nothing in this record but the bare assertion by one of the plaintiffs attorneys that the plaintiff did not intend to release | ¡-¡Progressive. This does not satisfy the plaintiffs burden of showing substantial evidence of mistaken intent.
The plaintiff argues that the release of Ms. Coyle did not automatically release the insurer. We need not determine, as did the Baudoin court, whether La. C.C. art. 1803 operates to reserve rights against a solidary obligor when the settlement re *635 leases the insured but does not reserve rights against the insurer. The expansive language in the settlement released “all other persons, firms, or corporations,” which includes Progressive.
We also reject the argument that Progressive improperly claims the benefits of a stipulation pour autrui in the settlement agreement, releasing it from liability. A contracting party may stipulate a benefit for a third person who is called a third party beneficiary. La. C.C. art. 1978. Under Louisiana law, such a contract for the benefit of a third party is referred to as a stipulation pour autrui A stipulation pour autrui is never presumed. Rather, the intent of the contracting parties to stipulate a benefit in favor of a third party must be made manifestly clear. Additionally, to establish a stipulation pour autrui the third party relationship must form the consideration for a condition of the contract and the benefit may not be merely incidental to the contract. The party demanding performance of an obligation pursuant to a stipulation pour autrui bears the burden of proving the existence of this obligation. Boyte v. Louisiana Ag Credit, PCA 39,569 (La.App.2d Cir.4/6/05), 899 So.2d 765.
| uThird parties can be the beneficiaries of the stipulation as long as they are determinable on the day on which the agreement is to have effect for their benefit. Anselmi v. Walh-Haydel and Associates, 469 So.2d 1122 (La.App. 4th Cir. 1985). A release may contain a stipulation pour autrui See Anselmi v. Walk-Haydel and Associates, supra.
In this case, the language of the release was clear that the plaintiff was releasing any and all claims against all persons arising from this accident. This language included Progressive.
CONCLUSION
For the reasons stated above, we affirm the trial court decision granting summary judgment in favor of the defendant, Progressive, dismissing the claims of the plaintiff, Dana Hudson, against Progressive, and denying a motion for new trial. All costs in this court are assessed to the plaintiff.
AFFIRMED.

. The Louisiana Civil Code articles on compromise were revised, amended, and reenacted by Acts 2007, No. 138, effective August 15, 2007, after the date of the settlement at issue in this matter. This did not change the law considered in this case. We will apply the articles as numbered at the time the agreement was executed.

. The substance of this article is retained in the current version of La. C.C. art. 3071, *632 which now provides that a compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship.

.See La. C.C. art. 3080 under the revised articles.

. See La. C.C. art. 3076 under the revised articles.

. See La. C.C. art. 3082 under the revised articles.

. The direct action statute does not create an independent cause of action against an insurer, but merely grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured. Montrell v. State Farm Mutual Automobile Insurance Company, 2006-0054 (La.App. 4th Cir. 11/21/06), 946 So.2d 230, writ denied, 2006-2997 (La.2/16/07), 949 So.2d 414.
Historically, the direct action statute made insurers imperfectly solidarily bound with the insured. The obligation was considered imperfect because it arose when two or more persons are bound for the same debt, but from different sources. Since the obligation of the tortfeasor to the victim is delictual and that of the insurer is conventional, they can only be imperfectly bound. It is under the direct action statute that the insurer is liable to the claimant in solido with its insured. The plaintiff did not merely release Ms. Coyle, but she signed a release with language broad enough to include Progressive.