*1244 MOORE, J,
concurs.
U respectfully concur in reversing the exception of res judicata. I recognize that compromises are favored in our law, and a compromise is not invalid merely because it is broad. Dumas v. Angus Chem. Co., 31,969 (La.App. 2 Cir. 8/20/99), 742 So.2d 655, writ not cons., 99-2750 (La.11/5/99), 751 So.2d 237. This court has enforced compromises in favor of third-person beneficiaries who were not parties to the compromise, if the instrument clearly releases all parties and contains no reservation of rights. Dumas v. Angus Chem. Co., supra; Hudson v. Progressive Security Ins. Co., 43,857 (La.App. 2 Cir. 12/10/08), 1 So.3d 627, writ denied, 2009-0235 (La.3/27/09), 5 So.3d 148; Alford v. Al Copeland Investments Inc., 34,808 (La.App. 2 Cir. 6/20/01), 794 So.2d 52.
In Dumas, supra, we noted that when the parties to a compromise dispute its scope, they are permitted to raise factual issues as to “whether the unequivocal language of the instrument was intended to be truly unequivocal.” Id., at p. 6, 742 So.2d at 661, citing Brown v. Drillers Inc., 93-1019 (La.1/14/94), 630 So.2d 741. In a per curiam ruling, the supreme court recently reiterated that a question of intent regarding the scope of the compromise precludes the finding of res judicata. Roberson v. DJD, Inc., 2005-2521 (La.7/10/06), 933 So.2d 795.
In the instant case, the plaintiffs allege that despite the broad language of the agreement releasing all parties, an agent of St. Francis told them that St. Francis would help them pursue their medical malpractice claim against Dr. Smith and her insurer. These distinctive facts, not pres-entan Dumas, Hudson or Alford, create a “question of intent regarding the scope of the compromise” and, in my view, warrant reversing the exception of res judicata. On remand, the plaintiffs should have the opportunity to prove their claims of the representations and inducements made by St. Francis; if the district court finds this proof lacking, then the exception of res judicata will be proper.