MARC E. JOHNSON, Judge.
The Plaintiff, James Palmer, appeals a judgment in an automobile accident case that granted a peremptory exception of res judicata and/or motion for summary judgment filed by Defendants, Brandon J. Enterprises, L.L.C. d/b/a Scooters Chicken Delivery (Scooters), and United National Insurance Company (UNIC). We affirm.
At the time of the accident in September of 2007, Defendant, Christopher Walker, was returning to his employer’s restaurant after making a delivery when his vehicle struck the Plaintiffs car. Walker was in the course and scope of his employment with Scooters, a restaurant located in Jefferson Parish. The accident happened when Walker swerved into the left turning lane of Louisiana Highway 45 from the adjacent lane. Walker’s vehicle struck the passenger side of the Plaintiffs vehicle causing Plaintiffs damages. Walker was in a car owned by Jessica Sail, who was insured by Unitrin Specialty Insurance Company (Unitrin).
lain March of 2008, the Plaintiff settled his claims against Sail and Unitrin for $10,000.
In August of 2008, the Plaintiff filed suit against the Christopher Walker, Scooters, and Scooters’ insurer UNIC. In April of 2009, Scooters and UNIC filed a motion for summary judgment and/or an exception of res judicata citing the compromise and settlement agreement between the Plaintiff, Sail and UNIC. They contended that the Plaintiff failed to reserve his rights against them in the settlement and compromise agreement; thus they were released as well.
A hearing on the motion and/or exception was held in July of 2009. The trial judge rendered a judgment in favor of Scooters and UNIC on July 30, 2009, finding that the Plaintiff compromised all his claims in regard to the accident.
On appeal, the Plaintiff asserts that the trial judge erred by failing to recognize that an obligee need not expressly reserve any rights against solidary obligors as a reservation of rights against solidary obli-gors is presumed by law. Secondly, he contends that the trial judge erred by not considering evidence of the obligee’s intent in confecting the agreement.
The pertinent language of the release states that:
For the Sole consideration of ... I/we hereby release and discharge Jessica Sail and _ FINANCIAL INDEMNITY COMPANY, together with all other persons, firms, and corporations from any and all claims, demands, damages, consequential damages, actions and judgments which I/we now have or may have, in law or in equity, arising out of any and all personal injuries, damages, punitive damages, expenses, and any loss or damage resulting or to result from an accident occurring on or about 9/15/2007 at or near Marrero, LA. [Emphasis added.][1]
A summary judgment motion is the appropriate procedure to use when the matter has been compromised and settled. Brown, v. Drillers, Inc., 630 So.2d 741, 747 n. 7 (La.1994). Furthermore, a plea of res judicata may be raised by motion for summary judgment when there is no genuine issue as to any material fact. R.G. *445 Claitor’s Realty v. Juban, 391 So.2d 394, 403 (La.1980); See also Pittman v. State Farm Mut. Auto. Ins. Co., 06-920 (La.App. 5 Cir. 4/24/07), 958 So.2d 689, unit denied, 08-0011 (La.2/22/08), 976 So.2d 1288.
In King v. Illinois Nat. Ins. Co., 08-1491, p. 6 (La.4/3/09), 9 So.3d 780, 784, the Louisiana Supreme Court reiterated the law as to summary judgment.
Appellate review of the granting of a motion for summary judgment is de novo, using the identical criteria that govern the trial court’s consideration of whether summary judgment is appropriate. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and shall be construed to favorably accomplish these ends. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. [Citations omitted.]
A valid compromise can form the basis of a plea of res judicata. Brown v. Drillers, 630 So.2d at 747; Raymond v. Video Inspection Services, Inc., 09-38, p. 4 (La.App. 5 Cir. 6/23/09), 16 So.3d 439, 441.
La. R.S. 13:4231 defines res judicata as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same pai'ties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
15(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The party who urges the exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence. Brown v. Drillers, 630 So.2d at 747; Raymond, v. Video Inspection, 09-38 at 4, 16 So.3d at 441.
The Plaintiff argues that the settlement does not include the Defendants because they are solidary obligors with Walker and as such, the law presumes a reservation of those rights. They contend that, insofar as the Defendants are third-party beneficiaries of the settlement, any reservation of rights should be expressed, and if not, a determination of the intent of the parties is warranted. The Plaintiff asserts that a determination of the intent of the parties is necessary here, and that it raises a material issue of disputed fact precluding a sum *446 mary judgment. The Plaintiff argues that he did not intend to release the Defendants in this case. The Plaintiff cites Bordelon v. Foster, 2008 WL 482613 (USDC, WD La. 02/19/08) in support.
In Bordelon, the court found that the settlement and compromise between that plaintiff and the defendant/driver did not release the driver’s employer. There, however, it appears that the plaintiff may not have known when she executed the release that the tortfeasor was in the course and scope of his employment when the accident occurred. Thus, that case is clearly distinguishable, as there are no allegations in this case that this Plaintiff was likewise unaware of that critical fact.
Furthermore, the Louisiana jurisprudence has consistently found that a failure to specifically reserve rights under similar facts results in a release of all non-settling parties, including employers and their insurers. See Migliore v. Traina, 474 So.2d 980 (La.App. 5 Cir.1985); Hudson v. Progressive Sec. Ins. Co., 43,857 (La.App. 2 Cir. 12/10/08), 1 So.3d 627, 633, writ denied, 09-0235 (La.3/27/09), 5 So.3d 148; Baudoin v. Montoya, 07-910 (La.App. 3 Cir. 1/30/08), 974 So.2d 877, writ denied, 08-0479 (La.5/2/08), 979 So.2d 1284.
The Plaintiff also alleges that he did not intend to release the Defendants, which raises a material issue of disputed fact precluding summary judgment.
When the words of a contract are clear and unambiguous, no further interpretation is made into the parties’ intent. La. C.C. art. 2046. Instead, the meaning and intent of the parties is determined within the four corners of the contract, and its terms should not be explained or contradicted by extrinsic evidence. Brown v. Drillers, 630 So.2d at 748; Corbello v. Iowa Prod., 02-0826, p. 6 (La.2/25/03), 850 So.2d 686, 693.
In this case, we find that the words of this settlement and release are clear and unambiguous. In the compromise document, the Plaintiff agrees to release “all other person, firms, and corporations” involved in the accident in exchange for the stated monetary compensation. Both of the Defendants are “firms” and/or “corporations.” Since the agreement does not expressly reserve the Plaintiffs rights to file an action against the Defendants, we find that, while a harsh result, the trial judge did not err in finding that the release applies to them. Thus, the trial judge correctly granted the summary judgment.
Accordingly, the summary judgment is hereby affirmed. Costs of this appeal are assessed against the Appellant.
AFFIRMED

. The first name of the settling insurer is blacked out on the copy of the agreement in the record.