CHEHARDY, J.,
dissents with reasons.
|TI respectfully dissent from the majority’s affirmance of the judgment. In my view, the cited decisions are distinguishable because none of them considered the “same parties” requirement of La. R.S. 13:4231 (“Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review ....” [emphasis added]).
“[A] party claiming res judicata based on a compromise agreement must have been a party to the compromise, and the authority of the thing adjudged extends only to the matters those parties intended to settle.” Ortego v. State, Dept. of Transp. and Dev., 96-1322, p. 7 (La.2/25/97), 689 So.2d 1358, 1363.
Based on the language of La. R.S. 13:4231, our courts have established five elements that must be satisfied for a finding that an action is precluded by res judicata:
A reading of La. R.S. 13:4231 reveals that a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. [Emphasis added.]
Burguieres v. Pollingue, 2002-1385, p. 8 (La.2/25/03), 843 So.2d 1049, 1053.
Here, State Farm was not a party to the compromise between Silva and USAgen-cies, nor was it was a party to the suit when the compromise was |aconfected, nor did it stand in any relationship of vicarious liability for the tortfeasor, such as liability insurer, employer, parent, etc. State Farm’s obligation to Silva arises from its *940 contractual agreement with Silva, not through State Farm’s relationship to the tortfeasor. Because State Farm was not a party to the settlement, either directly or vicariously, the elements of res judicata were not met, so res judicata cannot apply.
I find the cases cited by the majority distinguishable, as follows:
Migliore v. Traina, 474 So.2d 980 (La.App. 5 Cir.1985), arose before January 1, 1985, the effective date of La.C.C. art. 1803, which rejects the express reservation requirement of former La.C.C. art. 2203. Neither Tran v. Farmers and Merchants Ins. Co., 04-793 (La.App. 5 Cir. 12/14/04), 892 So.2d 88, nor Palmer v. Walker, 09-756 (La.App. 5 Cir. 1/12/10), 2010 WL 99109, discussed or analyzed the “same parties” requirement. In Black v. Anderson, 06-891 (La.App. 5 Cir. 3/13/07), 956 So.2d 20, writ denied, 2007-0794 (La.6/1/07), 957 So.2d 180, the settlement document had not been properly introduced into evidence, but was merely attached to the pleadings, so its language could not properly be considered. (The portion of the opinion that discusses the settlement language “out of an abundance of caution” is dicta.)
Baudoin v. Montoya, 07-910 (La.App. 3 Cir. 1/30/08), 974 So.2d 877, writ denied, 08-479 (La.5/2/08), 979 So.2d 1284, and Hudson v. Progressive Sec. Ins. Co., 43,857 (La.App. 2 Cir. 12/10/08), 1 So.3d 627, writ denied, 09-235 (La.3/27/09), 5 So.3d 148, are distinguishable because they do not address the “same parties” requirement of La. R.S. 13:4231. Further, we are not required to follow the rulings of other circuit courts of appeal.
Accordingly, I would find the trial court erred in granting the exception of res judi-cata.