892 So.2d 88 (2004)
Truyen TRAN and Truc Nguyen
v.
FARMERS AND MERCHANTS INSURANCE COMPANY, Potter Transport, Inc. and Philip Lee Kramel.
No. 04-CA-793.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 2004.
*89 John B. Lambremont, Sr., Baton Rouge, LA, for Plaintiff/Appellant, Truc Nguyen.
C. Gordon Johnson, Jr., Nicholas C. Gristina, Porteous, Hainkel & Johnson, New Orleans, LA, for Defendant/Appellee, Truck Insurance Exchange.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
The plaintiff, Truc Nguyen, has appealed the trial court's grant of defendant's Exception of Res Judicata. For the reasons that follow, we affirm.

FACTS:
This appeal stems from an accident that occurred on August 2, 2000 when a truck driven by Philip Lee Kramel struck a vehicle driven by Truyen Tran. Plaintiff was a guest passenger in the Tran vehicle. On February 8, 2001, plaintiff executed a release discharging Mr. Tran and his insurer, State Farm Fire and Casualty Company, from any and all liability for the above accident for the consideration of $5,500.00. On July 26, 2001, plaintiff filed suit against Mr. Kramel, his employer, Potter Transport Company, Inc., and their insurer, Truck Insurance Exchange, (hereinafter collectively referred to as defendants) for injuries sustained in the August 2000 accident. The defendants answered with a general denial and after limited discovery, filed an Exception of Res Judicata. The trial court granted the exception following a hearing. The plaintiff timely filed this devolutive appeal.

LAW AND DISCUSSION:
Under Louisiana law, a release executed in exchange for consideration is a compromise. Randall v. Martin, 03-1311 (La.App. 5 Cir. 2/23/04), 868 So.2d 913. A transaction or compromise is an agreement between two or more persons who, for preventing or putting an end to litigation, adjust their differences by mutual consent in the hope of benefiting balanced by the danger of losing. La. C.C. art. 3071. A compromise carries the authority of things adjudged and may not be attacked for error of law or lesion. La. C.C. art. 3078. It may be rescinded when there is an error in the person or the matter in dispute, as well as in cases of fraud or violence. La. C.C. art. 3079. The compromise instrument is governed by the same general rules of construction applicable to contracts. Ortego v. State, Dept. of Transp. And Dev., 96-1322 (La.2/25/97), 689 So.2d 1358. Therefore, when the words are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art.2046. A valid compromise can form the basis of an Exception of Res Judicata. Alford v. Al *90 Copeland Investments, Inc., 34,808 (La.App. 2 Cir. 6/20/01, 794 So.2d 52).
The release signed by plaintiff stated that in consideration of sums received Mr. Tran and State Farm were discharged as well as:
... all other persons, firms or corporation liable or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown both to persons and property, which have resulted or may in the future develop from an accident which occurred on or about the 2nd day of August 2000 at or near Gretna, La.
...
Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional litigation arising out of the aforesaid accident.
On appeal, plaintiff claims the trial court erred in granting the exception because Mr. Tran, State Farm, and the defendants were all joint tortfeasors and a reservation of rights against the defendants was not necessary. Plaintiff contends that the parties released and the defendants were not solidary obligors, rather, they were joint tortfeasors and as such their fault must be apportioned. In plaintiff's view, a reservation of rights against the defendants was not necessary when releasing Mr. Tran and State Farm because the only effect of the release on defendants was to decrease defendants' liability by the percentage of fault attributable to Mr. Tran and State Farm. We disagree with plaintiff's position.
A clear and explicit reading of the release signed in this matter discharges all other persons, firms or corporations who might be claimed to be liable. This includes the defendants. The plaintiffs have made no claims of fraud or ill practice or of mistake. They simply claim that a reservation of rights against the defendants was not necessary. Had the broad language releasing all others not been included in the release or if the plaintiff had specifically reserved his rights against the defendants, the granting of the exception may have been in error. However, the clear, explicit language in the release does encompass the defendants, as well as any other entity that may be liable for any claim resulting from the accident that occurred on August 2, 2000 at or near Gretna, Louisiana.
Additionally, the release precluded "forever any further or additional claims arising out of the aforesaid accident." The clear reading of this paragraph indicates that by signing this release, plaintiff understood that he was precluded from bringing any further claims arising out of the August 2, 2000 accident.
Accordingly, we find no error in the trial court's grant of defendants' Exception of Res Judicata.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.