MYRNA TYLER
v.
DEESE ROGER AND GEICO GENERAL INSURANCE COMPANY
No. 2008 CA 2468.
Court of Appeals of Louisiana, First Circuit.
June 12, 2009.
Not Designated for Publication
JOHNNIE L. MATTHEWS, JOHNELL M. MATTHEWS, CHRYSTAL MATTHEWS, Counsel for Plaintiff-Appellant, Myrna Tyler.
JOHN S. WHITE, JR., Counsel for Defendant-Appellee, State Farm Mutual Automobile Insurance Company.
Before: KUHN, GUIDRY, and GAIDRY, JJ.
KUHN, J.
Plaintiff-appellant, Myrna Tyler, appeals the trial court's judgment, sustaining the peremptory exception raising the objection of res judicata filed by defendant-appellee, State Farm Mutual Automobile Insurance Company (State Farm), her uninsured/underinsured (UM) provider, and dismissing her claims on the basis that the insurer had been released by a receipt and release agreement between Tyler, the tortfeasor, and the tortfeasor's insurer. We affirm.
Tyler was involved in a motor vehicle accident with Roger Deese on September 20, 2007.[1] On December 20, 2007, Tyler filed suit against Deese and his automobile insurer, GEICO Indemnity Company (GEICO). She amended her petition on February 22, 2008, to add her UM provider, State Farm, as a defendant.
On July 3, 2008, State Farm filed a peremptory exception raising the objection of res judicata, contending that it had been released from the lawsuit pursuant to a compromise agreement Tyler executed with Deese and GEICO on May 12, 2008. On July 18, 2008, the trial court signed an order of partial dismissal, dismissing Deese and GEICO from the lawsuit and expressly reserving all rights to proceed against State Farm in accordance with a subsequent agreement executed by Tyler with Deese and GEICO on July 7, 2008. After a hearing on August 18, 2008, the trial court granted State Farm's exception of res judicata, and ruled that it would dismiss Tyler's claims. A final dismissal, dismissing Deese and GEICO from the lawsuit, was signed by the trial court on August 19, 2008, in accordance with the terms of the May 12, 2008 agreement. On August 25, 2008, the trial court signed a judgment sustaining the res judicata exception and dismissing Tyler's claims against State Farm in conformity with the May 18, 2008 ruling. Tyler appeals the August 25, 2008 judgment.
The parties do not dispute that a compromise or transaction may form the basis for a plea of res judicata. See Bailey v. Martin Brower Co., 94-1179, p. 3 (La. App. 1st Cir. 4/7/95), 658 So.2d 1299, 1301.
The May 12, 2008 compromise agreement that Tyler executed with Deese and GEICO, entitled "Release and Receipt," states:
[Tyler] declares that for and inconsideration of the payment of [$9,500.00], this day received by her, she does hereby release, acquit, and forever discharge ROGER DEESE and GEICO INDEMNITY COMPANY, their employees, agents, representatives, insurers and reinsurers and any and all other persons, firms, corporations, partnerships and parties whomsoever, of and from any and all past, present and/or future claims, demands, lawsuits, damages, causes of action, and rights of action whatsoever, known and unknown, anticipated and unanticipated which [Tyler] may or might have and/or to which she may be entitled in any way resulting from and/or to result from the accident .... [Tyler] declares that the aforementioned payment is full and final settlement of all claims which [Tyler] might now have or may hereafter have, as a result of the ... accident.
According to the terms of the agreement, Tyler declared that:
she has been represented ... by an attorney, that her attorney has thoroughly advised her of all her rights and remedies as a result of the... accident, and she declares and acknowledges that this instrument constitutes a full, final and complete release of all claims arising out of the aforesaid accident and also constitutes a full, final and complete release of all claims asserted in the aforesaid suit
Tyler signed the agreement before two witnesses and it was notarized by her attorney.
The subsequent "Release and Receipt" compromise agreement Tyler executed with Deese and GEICO on July 7, 2008 is identical to the earlierexecuted release and receipt agreement, except that it included an additional sentence: [Tyler] declares that the aforementioned payment is full and final settlement of all claims which [she] might now have or may hereafter have, as a result of the above described accident against the named parties only. [Tyler] reserves all rights against parties not released herein; namely, the UM insurer.
Tyler urges that a claim of res judicata on a compromise agreement must be brought by a party to the compromise. Because State Farm was not a party to the agreement, Tyler asserts, it was not released from liability pursuant to the May 12, 2008 agreement.
The general and long-settled rule is that it will not be presumed that plaintiffs intended to waive their rights against other parties possibly liable unless it clearly appears that they intended to do so. Migliore v. Traina, 474 So.2d 980, 983 (La. App. 5th 1985). Thus, while a compromise settles only those differences that the parties clearly intended to settle, it includes the necessary consequences of what they expressed. See La. C.C. art. 3076.
A compromise instrument is the law between the parties and must be interpreted according to the intent of the parties to the agreement. The compromise instrument is governed by the same general rules of construction applicable to contracts. Ortego v. State, Dep't of Transp. and Dev., 96-1322, p. 7 (La. 2/25/97), 689 So.2d 1358, 1363. Accordingly, when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. It is not the province of the courts to relieve a party of a bad bargain, no matter how harsh. Radcliffe 10, L.L.C. v. Zip Tube Systems of Louisiana, Inc., XXXX-XXXX. p. 12 (La. App. 1st Cir. 8/29/08), 998 So.2d 107, 116.
In light of the plain language of the release and receipt agreement entered into by Tyler, State Farm established that it was released from liability as of May 12, 2008, the date the agreement was executed before a notary and two witnesses. Thus, the burden of proof shifted to Tyler to come forward with evidence that she did not intend the necessary consequences of the language of the agreement. The only evidence Tyler submitted to show her intent on May 12, 2008, was the July 7, 2008 agreement she entered into four days after State Farm filed its exception of res judicata, which did not demonstrate that on May 12, 2008, Tyler's intent was anything different than that expressed in the release and receipt agreement she executed on that date.
As expressly stated in the May 12, 2008 agreement notarized by her attorney, Tyler was represented by counsel at the time she agreed to release "any and all other persons, firms, corporations, partnerships and parties whosoever, of and from any and all past, present and/or future claims, demands, lawsuits, damages, causes of action, and rights of action whatsoever, known and unknown, anticipated and unanticipated which [she] may or might have" as a result of the accident. Thus, under the plain language of the May 12, 2008, release and receipt agreement, State Farm, a named defendant, was released from liability for any claims Tyler had against the UM insurer. And having failed to prove an intent other than that set forth in the May 12, 2008 agreement, the trial court correctly sustained State Farm's peremptory exception, raising the objection of res judicata.
For these reasons, we affirm the trial court's judgment, dismissing Tyler's claims by this memorandum opinion issued in compliance with La. URCA Rule 2-16.1.B. Appeal costs are assessed against plaintiff-appellant, Myrna Tyler.
AFFIRMED.
GUIDRY, J., dissenting.
I disagree with the majority opinion, finding that the trial court correctly sustained State Farm's peremptory exception raising the objection of res judicata.
On the trial of the peremptory exception raising the objection of res judicata, the burden of proving the facts essential to sustaining the objection is on the party pleading the objection. Union Planters Bank v. Commercial Capital Holding Corp., 04-0871, p. 3 (La. App. 1st Cir. 3/24/05), 907 So. 2d 129, 130. While the doctrine of res judicata is ordinarily premised on a final judgment on the merits, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties. Ortego v. State, Department of Transportation and Development, 96-1322, p. 6 (La. 2/25/97), 689 So. 2d 1358, 1363.
A transaction or compromise is a mutual agreement between two or more persons for the benefit of preventing or terminating a lawsuit in the manner in which they agree and in the balance of reciprocal concessions. Ortego, 96-1322 at p. 6, 689 So. 2d at 1363. Consequently, a party claiming res judicata based on a compromise agreement must have been a party to the compromise, and the authority of the thing adjudged extends only to those matters the parties intended to settle. Ortego, 96-1322 at pp. 6-7, 689 So. 2d at 1363.
In the instant case, the majority acknowledges that Tyler executed a compromise agreement with Deese and GEICO, but it does not address whether State Farm was a party to the agreement. From my independent review of the record, I do not find based on the evidence that State Farm was a party to the compromise. Accordingly, I disagree with the majority's decision to affirm the trial court's judgment sustaining State Farm's exception of res judicata and dismissing Tyler's claim against State Farm with prejudice.
GAIDRY, J., concurring.
I agree with the learned author of this opinion that ultimately the determinative issue is the plaintiffs failure to properly demonstrate at the hearing on State Farm's exception that she did not intend to compromise all claims against all parties arising from the accident. However, I concur in the result for the purpose of assigning additional reasons.
Interpretation of a contract is generally an objective inquiry; thus, "a party's declaration of will becomes an integral part of his will." La. C.C. art. 2045, Revision Comments  1984, (b). When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046.
In Moakv. American Auto. Ins. Co., 242 La. 160, 134 So.2d 911 (La. 1961), the Louisiana Supreme Court held that when a dispute arises as to the scope of a compromise agreement, extrinsic evidence can be considered to determine exactly what differences the parties intended to settle. This rule is a special exception to the general rule of La. C.C. art. 2046, based upon a supplementary rule of construction in La. C.C. art. 3073 stating that compromises "do not extend to differences which the parties never intended to include in them." See Brown v. Drillers, Inc., 93-1019 (La. 1/14/94), 630 So.2d 741, 748-49.
Under Moak and its progeny, the parties to a release or compromise are permitted to raise a factual issue as to whether unequivocal language in the instrument was intended to be unequivocal. Brown, 93-1019, 630 So.2d at 749. Thus, in the case of a compromise agreement, the intent which its words express in light of the surrounding circumstances at the time of execution of the agreement is controlling. Brown, 93-1019, 630 So.2d at 748. However, the jurisprudential rule of Moak has since been tempered by the qualification that there must be some substantiating evidence of mistaken intent as to the nature of the rights being released or the aspects of the claim being released. Brown, 93-1019, 630 So.2d at 749. Thus, where substantiating evidence is presented to establish that (1) the releasor was mistaken as to what he was signing, even though fraud may be absent; or (2) that the releasor did not fully understand the nature of the rights being released or did not intend to release certain aspects of his claim, extrinsic evidence may be considered to determine exactly what differences the parties intended to settle. Id. The plaintiff here did not present competent substantiating evidence at the hearing. Thus, her intent must be judged based upon the plain, objective meaning of the first release signed on May 12, 2008.
Although State Farm was not a principal party to the first release or compromise agreement, under the objective terms of the agreement it was a thirdparty beneficiary. See La. C.C. art. 1978. Conceivably, if the contracting parties did not in fact intend to include a stipulation pour autrui in favor of State Farm, they could have agreed to rescind the first release and enter into a new release reflecting their true intent in that regard. See Boudreaux v. Gov't Employees Ins. Co., 454 So.2d 135,138 (La. App. 1st Cir. 1984), writ denied, 462 So.2d 1245 (La. 1985). However, the evidence does not show that the first release was ever rescinded based upon error, and State Farm, as third-party beneficiary, manifested its intent to avail itself of the benefit of its release prior to execution of the purported second release of July 7, 2008. See La. C.C. art. 1979. Thus, the second release was null, at least as far as State Farm was confirmed. It was therefore incumbent upon the plaintiff to prove that it was never the mutual intent of the parties at the time of the first release to include a stipulation pour autrui in favor of third persons, including State Farm, and that State Farm was not entitled to invoke the benefit of a stipulation not intended to be made. The plaintiff did not offer competent proof of the intent existing at the time the first release was signed. The second release and later-filed motion for a partial dismissal of her action did not constitute such proof. Thus, the trial court correctly sustained State Farm's exception on the showing made.
NOTES
[1] Deese was incorrectly cited as "Deese Roger" in the petition.