WALTER J. ROTHSCHILD, Judge.
|2In this suit arising from an automobile accident, the plaintiff, Maria Silva, appeals a trial court ruling maintaining defendant’s exception of res judicata in favor of State Farm Mutual Insurance Company. The trial court found that a release document signed by plaintiff included State Farm and dismissed the plaintiffs claim against the insurance company. For the following reasons, we affirm the trial court judgment.

Facts and Procedural History

Maria E. Silva filed the original lawsuit alleging she was involved in an accident on July 18, 2005 when James Wysingle backed his vehicle into her vehicle in a private parking lot. Silva named as defendants Wysingle and his liability insurer, USAgencies, as well as her own uninsured/underinsured motorist insurer, State *936 Farm Mutual | ^Insurance Company. State Farm was not served in this lawsuit and was subsequently dismissed without prejudice. Thereafter, Silva executed a release agreement, effectively dismissing her claims against Wysingle and his insurer. Silva then filed the instant suit against State Farm Mutual Insurance Company, alleging that Wysingle was underinsured for the injuries she sustained in the accident.
In response to this petition, State Farm filed an exception of res judicata, asserting the suit should be dismissed because Silva signed a Release of All Claims and Indemnity Agreement, in which she dismissed all her claims arising out of the July 18, 2005 automobile accident. State Farm argued that the broad language in the release also applied to any claims Silva had against State Farm as UM carrier.
The Release of All Claims and Indemnity Agreement states in pertinent part:
I ... by these presents do ... release, acquit and forever discharge USAgen-cies Casualty Insurance Company, James Wysingle and any and all persons, firms and corporations of and from any and all actions, causes of action, claims or demands for damages, costs, loss of services, expenses, compensation, consequential damage or any other thing whatsoever on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting from an occurrence or accident that happened on or about the 18th day of July, 2005, at or near Kenner, Parish of Jefferson, State of Louisiana.
[Emphasis added.]
Silva opposed the exception, asserting she did not intend to release her claims against State Farm. She admitted that the release of Wysingle and his insurer did not expressly reserve her claims against State Farm, but asserted that her dismissal of her prior lawsuit was without prejudice as to State Farm, and with a reservation of her right to re-file suit against State Farm. Silva asserted that her previous reservation of rights could be construed as “an ambiguity in the nature of the liability that was being released.”
A hearing was set on the exception on two occasions. The minute entry for August 14, 2008 indicates that State Farm’s counsel was present, but that Silva’s counsel was absent. The hearing was continued to September 8, 2008 and on this |4date Silva’s counsel was again absent. The minute entry of this date states that the exception was taken under advisement to be submitted on memos.
On October 23, 2008 the district court rendered judgment granting the exception. The judgment stated, in pertinent part:
This matter came for hearing on September 8, 2008, on defendant’s Exception of Res Judicata. All parties agreed to submit the matter on memoranda. All parties were given time to submit additional memoranda. The matter was taken under advisement.
[[Image here]]
This Court finds that all claims asserted by the plaintiff in this case were included in the release signed in connection with her receipt of $10,000.00. The compromise agreement released all her claims arising out of the accident of July 18, 2005, against all parties. The uninsured motorist claimer [sic] clearly arises from this accident.
Therefore, the Exception is granted. The above action is dismissed with prejudice.
Silva filed a motion for new trial, asserting the judgment erroneously stated that the parties had agreed to submit the matter on memoranda and that the parties were given time to submit additional mem- *937 oranda. Silva asserted she never agreed to submit the matter on memoranda, and she was never notified she was being given time to submit additional memoranda.
The exception of res judicata was argued before Judge Martha Sassone, who retired shortly after issuing the judgment. The motion for new trial was argued before Judge Ellen Kovach, the elected successor to Judge Sassone’s seat.
After a hearing, the district court denied the Motion to Annul Judgment and/or for New Trial. The judge stated, “I don’t think that the Judgment is clearly contrary to law, given the argument that all parties were released in the Release. So I don’t think that the standard for a new trial has been met. I’m going to deny the motion.”
|fiSilva now appeals on the basis of several assignments of error. The specific issue presented for our review is whether the settlement and release agreement executed by plaintiff operates as a release of the UM carrier. We conclude that it does and we therefore affirm the trial court’s judgment.

Law and Analysis

Under Louisiana law, a release executed in exchange for consideration is a compromise. Tran v. Farmers and Merchants Ins. Co., 04-793 (La.App. 5 Cir. 12/14/04), 892 So.2d 88, 89, writ denied, 05-147 (La.4/1/05), 897 So.2d 604. A compromise carries the authority of things adjudged and may not be attacked for error of law or lesion. La. C.C. art. 3078. It may be rescinded when there is an error in the person or the matter in dispute, as well as in cases of fraud or violence. La. C.C. art. 3079. The compromise instrument is governed by the same general rules of construction applicable to contracts. Ortego v. State, Dept. of Transp. and Dev., 96-1322 (La.2/25/97), 689 So.2d 1358, 1363. While the doctrine of res judicata is ordinarily premised on a final judgment on the merits, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties. Id. A valid compromise may form the basis of a plea of res judicata. Id., 689 So.2d at 1364.
Prior to 1985, Louisiana law required an express reservation of rights to pursue claims against a UM carrier upon release of the tortfeasor/solidary co-debtor. La. C.C. art. 2203. This requirement was abolished effective January 1, 1985 with the enactment of La. C.C. art. 1803.[1] In addition, the Louisiana Supreme Court has held that when an automobile accident victim settles with his | (¡tortfeasor, his claim against his UM insurer is not discharged merely because he does not expressly reserve his rights to pursue the UM claim. Carona v. State Farm Ins. Co., 458 So.2d 1275 (La.1984). Although this case was decided prior to the enactment of La. C.C. art. 1803, the Court relied on the purpose of the UM statute, La. R.S. 22:1406 in reaching its determination that an express reservation of rights was not necessary.
However, the issue presented in the instant case does not turn of the plaintiff’s lack of an express reservation of rights in the agreement. Rather, our determination focuses on the broad language contained in the release agreement “to release, acquit and forever discharge [the *938 tortfeasor and his insurer] and any and all persons, firms and corporations ...”
In Migliore v. Traina, 474 So.2d 980 (La.App. 5th Cir.1985), plaintiff filed suit against the tortfeasor and his insurer and then settled her claim with a release discharging “all other persons” for injuries resulting from the accident. The plaintiff then sought to recover from her own UM carrier and this Court found that the broad release included the UM carrier. The Court determined that the language was so broad that it clearly covered any liability of any person whatsoever arising from the accident. See also, Baudoin v. Montoya, 07-910 (La.App. 3d Cir.1/30/08), 974 So.2d 877, writ denied, 08-479 (La.5/2/08), 979 So.2d 1284, in which the Court found that although the 1985 enactment of La. C.C. art. 1803 dispensed with the requirement that a plaintiff reserve his rights against a defendant who is solidarily obligated with a release party, the broad release executed by the plaintiff in that case dismissed all claims and plaintiff failed to prove lack of intent otherwise.
We find the Migliore case to be factually similar and controlling of the present case. The language of the release is broad, and although it does not 17specifically list State Farm, it clearly encompasses all persons, firms or corporations liable and releases them from any and all actions, causes of action, claims or demands for damages, costs, loss of services, expenses, compensation, consequential damage or any other thing whatsoever on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting from this accident. The release also states that plaintiff read and knew the contents of the agreement for the purpose of making a full and final compromise and to preclude any further claims arising out of the accident. Plaintiff had filed suit previously against State Farm, and was clearly aware of the claim against the UM carrier which arose directly out of the automobile accident. The broadness of the language is clear and unambiguous. It evidences an intent to settle and dismiss all claims against anyone arising out of the accident which is the basis of this suit, including State Farm.
Although the Migliore case was decided prior to the effective date of the enactment of La. C.C. art. 1803, we need not determine the effect of the change as the expansive language in the settlement released “all other persons, firms, or corporations,” and this includes State Farm. We adopt the reasoning set forth by this Court in Tran v. Farmers and Merchants Ins. Co., supra, 04-793, p. 4, 892 So.2d 88, 90, which states as follows:
A clear and explicit reading of the release signed in this matter discharges all other persons, firms or corporations who might be claimed to be liable. This includes the defendants. The plaintiffs have made no claims of fraud or ill practice or of mistake. They simply claim that a reservation of rights against the defendants was not necessary. Had the broad language releasing all others not been included in the release or if the plaintiff had specifically reserved his rights against the defendants, the granting of the exception may have been in error. However, the clear, explicit language in the release does encompass the defendants, as well as any 18other entity that may be liable for any claim resulting from the accident....
See also, Baudoin v. Montoya, supra, 974 So.2d 877; Palmer v. Walker; 09-756 (La.App. 5 Cir. 1/12/10), 2010 WL 99109; Hudson v. Progressive Sec. Ins. Co., 43,857 (La.App. 2 Cir. 12/10/08), 1 So.3d 627, writ denied, 09-235 (La.3/27/09), 5 So.3d 148. Accordingly, we conclude that the broad language of the release agreement executed by plaintiff operated as a dismissal of *939 claims against State Farm, and plaintiffs current claims are therefore precluded.
Plaintiff also argues that the trial court erred in denying the motion for new trial or to annul judgment. As provided in La. C.C.P. art. 1972(1), a new trial shall be granted, upon contradictory motion, where the verdict or judgment is contrary to the law and evidence. Although the statutory language mandates the granting of a new trial if the trial court finds the verdict is contrary to the law and evidence, the jurisprudence interpreting this provision recognizes the trial judge’s discretion in making that determination. Whether to grant a new trial requires a discretionary balancing of many factors. Davis v. Wal-Mart Stores, Inc., 00-445 (La.11/28/00), 774 So.2d 84, 98. An appellate court has the authority to determine whether a trial judge abused his discretion in not granting a new trial. Lamb v. Lamb, 430 So.2d 51, 53 (La.1983).
Plaintiff contends that the trial court’s ruling on defendant’s exception constituted a denial of due process, although she has failed to fully brief this argument. However, the record indicates that plaintiff was served with a copy of State Farm’s Peremptory Exception of Res Ju-dicata, and hearing was set on two occasions. Although plaintiff did not orally argue the merits of the exception, she filed an opposition to the pleading. There was no indication that plaintiff desired to present testimony at the hearing, and the record indicates the parties agreed to | flsubmit the matter on the pleadings. We fail to find that the ruling of the trial court was contrary to the law or evidence, and we find no abuse of the trial court’s discretion in ruling on the motion for new trial.
Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed.

AFFIRMED.

. La. C.C. art. 1803 provides:
Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligors in the amount of the portion of that obligor.
Surrender to one solidary obligor of the instrument evidencing the obligation gives rise to a presumption that the remission of debt was intended for the benefit of all the solidary obligors.