CARAWAY, J.
I, This dispute arises out of an alleged well site accident occurring in Red River Parish. ■ Plaintiffs initially filed suit against one alleged tortfeasor, but later entered into a settlement agreement with that defendant. Thereafter, plaintiffs filed an amended petition and added an additional tortfeasor immediately before an order of dismissal was entered-by the trial court recognizing the parties’ compromise. The second tortfeasor responded to its late addition into the suit with exceptions of lack of subject matter jurisdiction and res judicata which the trial., court granted. Finding that plaintiffs were not required to reserve rights against the non-settling tortfeasor and that the non-settling tort-feasor was not a party to the compromise or the judgment of dismissal, we reverse and remand.

Facts and Procedural History ■

On February 23, 2011, John Cantu (“Cantu”) filed suit against Schlumberger Technology Corporation (“Schlumberger”) for personal injury damage's allegedly arising from a fall at a well site in Red River Parish. In the petition, Cantu alleged that on February 23, 2010, Cantu, a truck driver, made a delivery of sand used in frack-ing operations to the well site. While in *194 the process of getting his work receipt signed, Cantu climbed a short stairway-leading up to a Sehlumberger trailer. Cantu further alleged that he then fell through a hole in the stairway injuring himself; that the hole represented an unreasonable risk of harm; and that Schlum-berger had negligently failed to remedy the defect.
l2On October 2, 2013, Cantu, in consideration of $375,000, entered into a settlement agreement with Sehlumberger and Travelers Casualty Insurance (hereinafter the “Compromise”). This Compromise contained the following language:
In further consideration of the above-referenced payment of, [Mr. Cantu] do hereby release and forever discharge [Sehlumberger and Travelers Casualty Insurance] from any and all liability to the undersigned which was alleged in Case No. 35277 pending in the 39th Judicial District Court for the Parish of Red River, State of Louisiana, entitled “John Cantu, et ux versus Schlumber-ger.” Furthermore, I do hereby authorize and instruct my attorney of record to cancel and dismiss said lawsuit with full prejudice, with each party to bear their own costs. Be it known that [Mr. Cantu] specifically reserves all rights that he may have towards worker’s compensation benefits in the future and he does not release [Texas Mutual] from any of its obligations for worker’s compensation related to the accident in question.
[Mr. Cantu] further declares and represents that this is a complete and total release of any and all claims, actions, causes of action, liens, and/or demands, arising out of the subject accident on February 23, 2010.
On October 23, 2013, Cantu filed a supplemental and amending petition, wherein Encana Oil & Gas USA (“Encana”) was added as an additional defendant. In the petition, Cantu alleged that Encana allowed a dangerous condition to exist at their well site/drill site that resulted in the injuries to Cantu. This amended petition was not served upon Encana until sometime in December of 2013.
On October 24, 2013, Cantu, Texas Mutual, Sehlumberger and Travelers Casualty Insurance jointly filed a final motion and order of dismissal with prejudice, which the trial court granted. The dismissal order reads, in pertinent parts, as follows:
l.qNOW INTO COURT, through undersigned counsel, comes Plaintiffs, John Cantu, ⅛ Ux, and Intervenor, Texas Mutual Insurance Company, and on suggesting to the Court that all matters and claims filed by any party against any party herein including, but not limited to intervenor, Texas Mutual Insurance Company, and defendants, Schlumber-ger Technology Corporation and Travelers Casualty Insurance Company of America, in this controversy have all been amicably settled and fully compromised, and move that same be dismissed, with full prejudice, each party to bear their own costs.
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that all matters in this controversy by and the same are hereby dismissed and discontinued, with full prejudice, each party to bear their own costs.
JUDGMENT READ, RENDERED AND SIGNED in Coushatta, Louisiana this 28 day of October 2013.
On February 26, 2014, Encana filed peremptory exceptions of res judicata and no cause of action. Encana argued that the October 28 order of dismissal with prejudice has the effect of a final judgment on the merits. Encana averred that under the doctrine of res judicata, in the absence of an express reservation of rights, all of Cantu’s claims arising from the incident in *195 question were merged into and extin: guished by the court’s order of dismissal.
On November 26, 2014, in addition to the initial peremptory exceptions, Encana asserted the declinatory exception of lack of subject matter jurisdiction and the peremptory exception of prescription. As to lack of subject matter jurisdiction, Encana argued that the delay for application for a new trial has long elapsed, as had the deadlines for appeal of the October 28 dismissal order. Thus, since the order had the effect of a final judgment, the court now lacked subject matter jurisdiction to modify this final judgment and/or revive a previously dismissed claim.
^Subsequently, after hearing arguments from both parties, the court found in favor of Encana. Granting the exception of lack of subject matter jurisdiction, the trial court believed that it was without jurisdiction to modify and amend the October 28, 2013 order of dismissal. Additionally, it granted the exception of res judicata. Cantu appealed this judgment.

Discussion

In this well site accident, Schlum-berger and Encana are alleged by Cantu to be tortfeasors. Therefore, the relationship of their alleged obligation to Cantu is addressed in the following articles of the Civil Code.
When different obligors owe together just one performance to one.obligee, but neither is bound for the whole, the obligation is joint for the obligors. La. C.C. art. 1788. When a joint obligation is divisible, each joint obligor is bound to perform only his portion. La. C.C. art. 1789. These principles are applicable under La. C.C. art. 2324 for joint tortfeasors, as follows:
A.He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by the act.
B. If liability is not solidarity pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint- and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarity liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person’s insolvency, ability to pay, degree of fault, immunity by, statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person’s identity is not known or reasonably ascertainable.- ■
C. Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.
(Emphasis added)
IfiThe joint and divisible nature of the obligation owed ,by tortfeasors means that an injured plaintiff may choose to proceed against one negligent party for his portion of the fault and not the other. La. C.C. art. 1789. Compare, La. C.C.P, art. 643. These articles provide that receipt of partial performance on the .joint obligation by one tortfeasor by a suit and judgment does not act as a waiver of the plaintiffs rights against another tortfeasor also at fault for the accident. By. the implication of Civil Code Article 1802 concerning soli-dary obligors, the plaintiff need not. express a reservation of rights against one tortfeasor when receiving performance and payment from another. tortfeasor for the latter’s portion of fault. Finally, the pen-dency of a suit against one tortfeasor which interrupts prescription for that claim also interrupts prescription -against all other joint tortfeasors not named in that suit. La. C.C. arts. 3462 and 2324(C).
*196 With these joint obligation principles applicable to the alleged joint tortfeasors, Schlumberger and Encana, ■ we will first address whether the trial court’s order of dismissal and the Compromise may serve as a basis for the claim of res judicata.
A release executed' in exchange for consideration is a compromise. Brown v. Drillers, Inc., 93-1019 (La.1/14/94), 630 So.2d 741. La. C.C. art. 3071 defines a compromise'as an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers in the hope of gaining, balanced by the danger of losing. See also Dumas v. Angus Chemical Co., 31,969 (La.App.2d Cir.8/20/99), 742 So.2d 655.
A compromise regulates only the differences which appear clearly to be comprehended therein by the intention of the parties, “whether it be explained in a general or particular manner,” and does not extend to differences which the parties never intended to include. La. C.C. art. 3073; Ortego v. State; Dep’t of Transp. & Dev., 96-1322 (La.2/25/97), 689 So.2d 1358. Further, a general release will not necessarily bar recovery for those aspects of the claim not intended to be covered by the release. Hines v. Smith, 44,285 (La. App.2d Cir.8/12/09), 16 So.3d 1234, writ denied, 09-2001 (La.12/11/09), 23 So.3d 922. A compromise entered into by one of multiple persons with an interest in the same matter does not bind the others, nor can it be raised by them as a defense, unless the matter compromised is a soli-dary obligation. La.- C.C. art. 3075. A compromise precludes the parties from bringing a subsequent' action based upon -the matter that was compromised. La. C.C. art. 3080, However, a party claiming res judicata based on a compromise agreement must have been a party to the compromise. Hines, supra. Persons who were not parties to a compromise by other interested parties were not bound thereby and could not take any advantage flowing from it. Id.
The law of res judicata in Louisiana is set forth in La. R.S. 13:4231 provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
|7(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Based on the language of the above statute, as enacted in 1990, the following five elements must -be satisfied for a finding that a second action is precluded by res judicata: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the *197 subject matter of the first litigation. (Emphasis added) Chevron U.S.A. v. State, 07-2469 (La.9/8/08), 993 So.2d 187, citing, Burguieres v. Pottingue, 02-1385 (La.2/25/03), 843 So.2d 1049; Von Drake v. Rogers, 45,305 (La.App.2d Cir.5/19/10), 36 So.3d 1218, writ denied, 10-1471 (La.10/15/10), 45 So.3d 1111.
For res judicata purposes, a “valid judgment” is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given. Wooley v. State Farm Fire & Cas, Ins. Co., 04-882 (La.1/19/05), 893 So.2d 746. La. C.C.P. art. 6 defines jurisdiction over the person and the requirements in pertinent part, as follows:
|SA. Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. The exercise of this jurisdiction requires:
(1) The service of process on the defendant, or on his agent for the service of process, or the express waiver of citation and service under Article 1201.
In our ‘law of compromise and res judi-cata, the “same parties” test is essential for the preclusive effect given to a compromise or final judgment. La. C.C.' art. 3080; La. R.S. 13:4231. Here, the preclu-sive effect results from the intent of the parties, Cantu and Schlumberger, for this Compromise. Encana was not a party to the Compromise nor a party in the suit on the date of the order of dismissal. Therefore, Encana may not take advantage of Cantu’s agreement and settlement with Schlumberger. The trial court reluctantly granted the exception of res judicata,-, noting that the same parties test was questionable.
From our review of the joint obligation allegedly owed by Schlumberger and En-cana, the broad - release language expressed by Cantu compromising all causes of action arising out of the subject accident was Cantu’s concession in favor of Schlumberger, the opposing party in the Compromise. ■ Schlumberger’s rights and protection under the- Compromise are not jeopardized by Cantu’s separate suit against Encana. As an alleged joint obli-gor, Encana has no claim for contribution against Schlumberger. Encana will still have the affirmative defense of comparative fault and may prove Schlumberger’s fault at trial to reduce its portion of the alleged joint obligation.
|flThe sole parties to the Compromise and order of dismissal were Cántu and Schlumberger. Neither the Compromise nor the October 28 order supports the exception of res judicata raised by Enca-na.
The trial court also granted the exception of lack of subject matter jurisdiction. This resulted from a view that the October 28 order of dismissal was overly broad yet had become final and beyond the trial court’s power to amend after the delays for new trial had run.- The court cited La. C.C. art.1951 and Bourgeois v. Kost, 02-2785 (La.5/20/03), 846 So.2d 692. In Bourgeois, the plaintiffs’ case had been dismissed in error after trial by a signed' judgment of the trial court in favor of defendants. That judgment had become final and the Supreme Court found that the trial court had no jurisdiction to amend the judgment against the interests of the defendants with the entry of an award in favor of the plaintiffs.
Significantly, the modification of the judgment in Bourgeois sought to improperly adjust the rights between defendants and plaintiffs who were always parties in that action as both of the trial court’s judgments were rendered. In contrast, the present order of dismissal was never a final judgment adjudicating the interests of Encana because Encana was not a party *198 in the suit on October 28, 2013. The trial court did not need jurisdiction to modify the force of its judgment against Encana. Its judgment does not name Encana.or purport to rule concerning Encana. Cantu and Schlumberger were the moving parties seeking to have the trial court recognize their Compromise and dismiss the pending suit between them. Since service on Encana had not occurred on October 28, there was | inno jurisdiction of the trial court over Encana and the order/judgment could adjudicate nothing concerning Enca-na. Likewise, Cantu’s seeking of the order of dismissal stemmed solely from his intent to compromise with Schlumberger and not from any expression of a unilateral, gratuitous remission of the debt of En-cana.
Accordingly, Cantu effectively commenced a separate action against Encana after the Compromise between himself and Schlumberger. The defenses of res judi-cata and lack of subject matter jurisdiction do not apply since Encana was not a party to the Compromise nor a party in the suit upon the trial court’s rendition of the October 28 order of dismissal.

Conclusion

For the reasons set forth above, the judgment of the trial court granting Enca-na’s declinatory exception of lack of subject matter jurisdiction and the peremptory exception of res judicata is reversed. The matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to Encana.
REVERSED AND REMANDED.