GRAVOIS, J.
Plaintiff/appellant, Tonyel Singleton, appeals a trial court judgment that granted a peremptory exception of res judicata filed by defendant/appellee, United Services Automobile Association ("USAA"). For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
On July 1, 2015, Tonyel Singleton was involved in an automobile accident with Jamie Lynn Petkovich. No suit was filed against Ms. Petkovich or her liability insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). On August 5, 2016, Ms. Singleton executed a release, in consideration of State Farm's liability policy limits of $15,000.00, which stated, in pertinent part:
the undersigned hereby releases and forever discharges Louis Petkovich, Julie Petkovich, Jayna Petkovich, Jamie Lynn Petkovich and State Farm Mutual, their heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable , none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all bodily injuries, known and unknown, which has resulted or may in the future *1076 develop from an accident which occurred on or about the 1st day of July, 2015, at or near, Gretna, LA.
(Emphasis added.)
Also on August 5, 2016, Ms. Singleton filed a petition for damages against USAA, her uninsured/underinsured motorist ("UM") insurer. In due course, on August 4, 2017, USAA filed a peremptory exception of res judicata asserting that the clear and unambiguous language of the release, discharging "all other persons, firms or corporations liable or, who might be claimed to be liable," demonstrated Ms. Singleton's intent to release and discharge USAA from the causes of action asserted against it in her petition.
Ms. Singleton filed an opposition to the exception, arguing that the release was a relative simulation[1] and that by looking outside of the release, specifically to correspondence between Ms. Singleton and State Farm, and between Ms. Singleton and USAA, the true intent of the parties was revealed-that Ms. Singleton released State Farm and its insureds in exchange for State Farm's policy limits and never intended to compromise her claims against USAA. Ms. Singleton also argued that regardless of the intent, res judicata is not applicable in this case since USAA was not a party to the release agreement.
Following a hearing, by written judgment rendered and signed on September 7, 2017, the trial court granted the peremptory exception of res judicata and dismissed all claims against USAA with prejudice. This appeal followed.
On appeal, Ms. Singleton argues that the trial court erred: 1) in granting the exception of res judicata based on a compromise raised by a non-party to that compromise; and 2) in refusing to consider extrinsic evidence regarding the intent of the parties to the compromise when there is evidence in the record substantiating that she did not intend to compromise her claim against USAA for UM benefits.
LAW AND ANALYSIS
Under Louisiana law, a release executed in exchange for consideration is a compromise. Tran v. Farmers and Merchants Ins. Co. , 04-793 (La. App. 5 Cir. 12/14/04), 892 So.2d 88, 89, writ denied , 05-147 (La. 4/1/05), 897 So.2d 604. La. C.C. art. 3071 defines a compromise as a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. A compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express. La. C.C. art. 3076. A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised. La. C.C. art. 3080. The compromise instrument is governed by the same general rules of construction applicable to contracts. Ortego v. State, Dept. of Transp. and Dev. , 96-1322 (La. 2/25/97), 689 So.2d 1358, 1363. While the doctrine of res judicata is ordinarily premised on a final judgment on the merits, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties. Id. A valid compromise may form the basis of a plea of res judicata . Id. at 1364.
The purpose of the doctrine of res judicata is to promote judicial efficiency *1077 and the final resolution of disputes. Avenue Plaza, L.L.C. v. Falgoust , 96-0173 (La. 7/2/96), 676 So.2d 1077, 1079 ; Hawthorne v. Couch , 41,603 (La. App. 2 Cir. 12/20/06), 946 So.2d 288, 295, writ not considered , 07-0173 (La. 3/16/07), 952 So.2d 685. The doctrine of res judicata is stricti juris , and any doubt concerning application of the principle of res judicata must be resolved against its application. Kelty v. Brumfield , 93-1142 (La. 2/25/94), 633 So.2d 1210, 1215 ; Hawthorne , supra .
The res judicata effect of a prior judgment is a question of law that is reviewed de novo . Muhammad v. Office of Dist. Attorney for Parish of St. James , 16-9 (La. App. 5 Cir. 4/27/16), 191 So.3d 1149, 1155-1156.
On appeal, in her first assignment of error, Ms. Singleton argues that a party raising a peremptory exception of res judicata based on a compromise agreement must have been a party to the compromise. She argues that because USAA was not a party to the compromise agreement, res judicata cannot apply.
In response, USAA argues that the ordinary rules of contract interpretation apply to compromise agreements, and the unambiguous language in the present compromise agreement supports the exception of res judicata by USAA.
In rendering its decision, the trial court relied on this Court's opinion in Silva v. State Farm Mut. Auto. Ins. Co. , 09-686 (La. App. 5 Cir. 3/23/10), 38 So.3d 934, writ denied , 10-0932 (La. 6/25/10), 38 So.3d 342. There, the plaintiff filed suit against the tortfeasor and his liability insurer, USAgencies, and the plaintiff's own UM insurer, State Farm, for injuries sustained in an accident. State Farm was never served and was later dismissed without prejudice from the suit. Subsequently, the plaintiff executed a release agreement, releasing "USAgencies Casualty Insurance Company, [the tortfeasor], and any and all persons, firms and corporations of and from any and all actions, causes of action, claims or demands for damages ...." The plaintiff then filed suit against State Farm. In response, State Farm filed a peremptory exception of res judicata , asserting that the suit should be dismissed because the broad language of the release dismissed all claims arising out the accident, including any claims against State Farm as UM carrier. The trial court granted the exception. Id. at 935-936. On appeal, the majority of this Court found that the broad language of the executed release, which it found was clear and unambiguous, evidenced an intent on the plaintiff's part to settle and dismiss claims against anyone arising out of the accident, including State Farm. Thus, the release operated as a dismissal of the claims against State Farm, and the plaintiff's claims were thus precluded. Id. at 938-939.
The majority in Silva adopted the reasoning set forth by this Court in Tran , supra . In Tran , the plaintiff was a guest passenger in a vehicle involved in a collision. The plaintiff executed a release discharging the driver of the vehicle he was a passenger in and his insurer. The plaintiff then filed suit against the tortfeasor, his employer, and their insurer ("the defendants"). In response, the defendants filed an exception of res judicata , which the trial court granted. Tran , 892 So.2d at 89. On appeal, this Court found that a clear and explicit reading of the release discharged "all other persons, firms or corporation liable or who might be claimed to be liable," and this broad language included the defendants. Id. at 90.[2]
*1078 Recently the other Louisiana circuit courts of appeal, when presented with this same issue on an exception of res judicata , have relied on the "same parties" requirement in rendering their decisions. This "same parties" requirement arises out of La. R.S. 13:4231 which provides, in pertinent part: "Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties , except on appeal or other direct review, to the following extent ...." (Emphasis added.) The other Circuits have found further support for this requirement in Ortego , wherein the Louisiana Supreme Court stated that "a party claiming res judicata based on a compromise agreement must have been a party to the compromise, and the authority of the thing adjudged extends only to the matters those parties intended to settle." Ortego , 689 So.2d at 1363.[3]
The Second Circuit considered this "same parties" requirement in Hines v. Smith , 44,285 (La. App. 2 Cir. 8/12/09), 16 So.3d 1234. There, the plaintiffs signed a settlement agreement and release with St. Francis Hospital. The release discharged "any and all claims and demands made by them and/or rights and causes of action arising out of the January 14, 2006 visit to St. Francis Emergency Room." Nearly two years later, the plaintiffs filed a medical malpractice claim against the treating emergency room doctor and her insurer. The doctor filed an exception of res judicata claiming the language of the settlement agreement barred any claims against her and her insurer, and the trial court granted the exception based on the broad language of the release. Id. at 1236-1237. The Second Circuit reversed relying on the requirement that a party claiming res judicata based on a compromise agreement must have been a party to the compromise.[4] The Court noted that it declined to *1079 allow the doctor to benefit from an agreement she had no part of and for which she made no concessions. Id. at 1242-1243.[5]
In Carrie v. La. Farm Bureau Cas. Ins. Co. , 04-1001 (La. App. 4 Cir. 2/16/05), 900 So.2d 841, writ denied , 05-0711 (La. 5/06/05), 901 So.2d 1099, following an automobile accident, the plaintiff brought suit against the driver of the vehicle and Farm Bureau, the insurer of the vehicle. The plaintiff then settled with Farm Bureau, executing an agreement wherein she released Farm Bureau, the driver of the vehicle, and the owner of the vehicle from any and all claims. Subsequently, the plaintiff named State Farm, the insurer of the driver of the vehicle, as a defendant in her suit. In response, State Farm filed an exception of res judicata and/or a motion for summary judgment. Id. at 842-843. With respect to the exception of res judicata , the Fourth Circuit relied on Ortego to find that the trial court erred in granting the exception of res judicata since State Farm was not a party to the agreement. Id. at 844.
In Spires v. State Farm Mut. Auto. Ins. Co. , 08-573 (La. App. 3 Cir. 11/5/08), 996 So.2d 697, 698, writ denied , 08-2871 (La. 2/06/09), 999 So.2d 783, the plaintiffs filed suit against their own UM insurer, State Farm, after settling with the tortfeasor. State Farm responded by filing an exception of preclusion by judgment, which the trial court granted. Id. The Third Circuit found that the doctrine of res judicata , as outlined in La. R.S. 13:4231, only applies to actions between the same parties. Accordingly, the court reversed the granting of the exception of preclusion by judgment filed by State Farm.[6] Id. at 700.
Finally and most recently, in Garrison v. James Constr. Grp., LLC , 14-0761 (La. App. 1 Cir. 5/06/15), 174 So.3d 15, writ denied , 15-1112 (La. 9/18/15), 178 So.3d 146, the plaintiff executed a release, discharging her husband (the driver of the motorcycle she was a passenger on), his insurer (State Farm), and "all other persons, firms or corporations" from "any and all claims" resulting from an accident. Over a year later, the plaintiff signed an amended release, again releasing her husband and State Farm, but reserving her rights against the tortfeasor, James Construction, "and others" who may be liable to her for claims arising out the accident. In response, James Construction filed a peremptory exception of res judicata which the trial court granted. Id. at 17-18. The First Circuit, sitting en banc , reversed the trial court's decision. In making this decision, the Court disagreed with its prior decision in *1080 Tyler v. Roger , 08-2468 (La. App. 1 Cir. 6/12/09), 11 So.3d 1243, 2009 WL 1655840 (unpublished opinion), where the Court had affirmed a judgment granting an exception of res judicata based on the broad "plain" language of a release and had not considered the "same parties" requirement. In Garrison , supra , instead, the Court relied on Ortego , supra , and its own previous decision in Five N Company, L.L.C. v. Stewart , 02-0181 (La. App. 1 Cir. 7/2/03), 850 So.2d 51,[7] to find that a party asserting res judicata based on a compromise agreement must have been a party to the compromise. Garrison , 174 So.3d at 19-20.
Upon de novo review, after due consideration and analysis of the facts and circumstances of the present case, and further considering Ortego , supra , and that the doctrine of res judicata is stricti juris , we specifically overrule this Court's opinion in Silva , supra , to the extent that it relied on the broad language of the compromise agreement and not the "same parties" requirement when considering the exception of res judicata -i.e. , to the extent that it affirmed a judgment granting an exception of res judicata when the party asserting the exception was not a party to the underlying compromise. Accordingly, we find, as the other circuit courts of this state have found, that a party asserting res judicata based on a compromise agreement must have been a party to the compromise agreement. In the present case, it is undisputed that USAA was not a party to the compromise agreement. USAA was neither named in the compromise agreement, nor did it sign the compromise agreement, nor did it contribute to the proceeds involved in the compromise agreement. Because USAA was not a party to the compromise agreement, it cannot prevail on its exception of res judicata . Therefore, based on this "same parties" requirement, we find that the trial court erred as a matter of law in granting the exception of res judicata filed by USAA, and accordingly, we reverse the judgment that granted the exception of res judicata and remand the matter for further proceedings.[8]
Considering our finding in favor of Ms. Singleton on her first assignment of error, we pretermit any review or discussion of her second assignment of error (that the trial court erred in refusing to consider extrinsic evidence regarding the intent of the parties to the compromise when there is evidence in the record substantiating that she did not intend to compromise her claim against USAA for UM benefits).[9]
*1081 CONCLUSION
For the foregoing reasons, we reverse the trial court's judgment that granted the peremptory exception of res judicata filed by USAA and remand the matter for further proceedings.
REVERSED AND REMANDED

A contract is a simulation when, by mutual agreement, it does not express the true intent of the parties. La. C.C. art. 2025. A simulation is relative when the parties intend that their contract shall produce effects between them though different from those recited in their contract. La. C.C. art. 2027.

Silva also relied on Migliore v. Traina , 474 So.2d 980 (La. App. 5th Cir. 1985) in support of its finding. In Migliore , the plaintiff filed suit against the tortfeasor, the tortfeasor's insurer, and his own UM insurer, for injuries arising out of an automobile accident. He settled with the tortfeasor and the tortfeasor's insurer, executing a release which discharged "all other persons, firms and corporations, both known and unknown, of any and all claims ...." Id. at 981-982. The UM carrier then filed an exception of no cause of action and a motion for summary judgment, which the trial court granted. This Court affirmed the ruling, finding that the broad language of the release covered any liability of any persons arising from the accident, including the UM carrier. Id. at 983-984.

Further, in Burguieres v. Pollingue , 02-1385 (La. 2/25/03), 843 So.2d 1049, 1053, the Supreme Court, in considering La. R.S. 13:4231, found that a second action is precluded by res judicata when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same ; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. (Emphasis added.)
With respect to the third requirement (that the parties are the same), the Supreme Court in Burguieres noted that "[b]oth the civilian law and the common law mandate that there must be 'identity of parties' before the doctrine of res judicata can be used to preclude a subsequent suit. This requirement does not mean that the parties must have the same physical identity, but that the parties must appear in the same capacities in both suits." Id. at 1054 and n. 3. This "same capacities" concept is not implicated in the present case and need not be considered here.
See also the application of these five elements in Chauvin v. Exxon Mobil Corp. , 14-0808 (La. 12/9/14), 158 So.3d 761, 765.

In support of this finding, the Second Circuit cited to Ortego , supra , and to Rodriguez v. Louisiana Tank , Inc. , 94-0200 (La. App. 1 Cir. 6/23/95), 657 So.2d 1363, 1369, writ denied , 95-2268 (La. 11/27/95), 663 So.2d 739. There, the Court stated: "A party claiming res judicata based on a compromise agreement must have been a party to the compromise." Id. , citing Edmond v. Granger , 521 So.2d 627, 628 (La. App. 1st Cir. 1988), writ denied , 522 So.2d 573 (La. 1988).

See also Cantu v. Schlumberger , 50,605 (La. App. 2 Cir. 5/25/16), 197 So.3d 191, writ denied , 16-1307 (La. 10/28/16), 208 So.3d 888, where the Second Circuit found that the defense of res judicata did not apply since the party was not a party to the compromise nor a party to the suit upon the trial court's rendition of an order of dismissal.

See also Hall v. Mac Papers , Inc. , 2012 WL 1343968, 2012 U.S. Dist. LEXIS 54286 (E.D. La. Apr. 18, 2012), where the federal district court considered whether, based on the doctrine of res judicata , a compromise agreement with a broad release of claims could release parties to a lawsuit who were not parties to the compromise agreement. In its analysis, the Court looked to La. R.S. 13:4231, Ortego , and the case law among the Louisiana circuit courts of appeal. The Court found that "the statutory text and holding in Ortego , together with decisions from various Louisiana intermediate courts, persuade the Court that res judicata based on a compromise agreement requires that the parties to the subsequent suit be identical to the parties to the compromise agreement." Id. at 3, 2012 U.S. Dist. LEXIS 54286, at 9-10.

In Five N Company, L.L.C. v. Stewart , supra , 850 So.2d at 62, the First Circuit found that res judicata had no effect on a party that was not a party to the compromise agreement.

We recognize that the Louisiana Civil Code provides that a contracting party may stipulate a benefit for a third person not a party to the contract. La. C.C. art. 1978. Under Louisiana law, such a contract for the benefit of a third party is referred to as a "stipulation pour autrui " and gives the third-party beneficiary the right to demand performance from the promisor. A stipulation pour autrui is never presumed however. Rather, the intent of the contracting parties to stipulate a benefit in favor of a third party must be made manifestly clear. Scaffidi & Chetta Entm't v. Univ. of New Orleans Found. , 04-1046 (La. App. 5 Cir. 2/15/05), 898 So.2d 491, 495-96, writ denied , 05-0748 (La. 5/6/05), 901 So.2d 1102. Because a stipulation pour autrui is not implicated in this case, it need not be considered at this time.

We note the Louisiana Supreme Court's recent decision in Maggio v. Parker , 17-1112 (La. 6/27/18), 250 So.3d 874, where the issue before the Court was whether a broadly-worded release was a sufficient basis for granting a summary judgment to various defendants who were not parties to the release. The Court found that circumstances unique to the case surrounding the signing of the release gave rise to an issue of fact regarding intent sufficient to defeat summary judgment. Though factually similar, we find Maggio procedurally distinguishable from the present case, as it dealt with a motion for summary judgment, whereas the present case involves an exception of res judicata .